■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS D. MANTON, Appellant, v MARTIN VON HOLDEN, as Director of Central New York Psychiatric Center, et al., Respondents. — Judgment unanimously affirmed. Memorandum: Relator Thomas Manton was released on parole May 20, 1980 from the Elmira Correctional Facility, where he had been serving a seven-year indeterminate sentence for second degree robbery (Penal Law, § 160.10, subd 2, par [b]). Upon his failure to make an arrival report to the Syracuse area office within 24 hours after his release, a parole violation warrant was issued on May 22, 1980. The Syracuse parole office received notification from the Interstate Bureau in Albany on May 24, 1980 that relator was detained in Morristown, New Jersey. A second call from the Morristown police advised that the parolee had been picked up and was being held there awaiting extradition on the New York parole violation warrant. Relator refused to waive extradition and extradition proceedings were not completed until August 27, 1980. Upon his return to New York, relator was charged with (1) failure to make his arrival report as directed to the Syracuse area office, and (2) leaving the State without proper permission. A preliminary hearing was held on September 5, 1980 and probable cause was found. The final parole revocation hearing was conducted on November 12, 1980, following which a decision was rendered sustaining the two charged parole violations. At the habeas corpus proceeding and on this appeal from a dismissal of that petition, relator, in contesting the determination of the Parole Board, contends that (1) his preliminary parole revocation hearing was not timely held, and (2) the parole violations were not established at the final hearing by a preponderance of the evidence. Relator maintains that the Parole Board failed to afford him a preliminary revocation hearing within 15 days after the warrant for retaking and temporary detention had been executed as required by statute (Executive Law, § 259-i, subd 3, par [c], cl [i]) and therefore the habeas corpus petition should have been granted and relator restored to parole supervision (see *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). It is undisputed that the preliminary hearing took place less than 15 days from the date of relator's return to the custody of the New York Parole Board. Relator, however, relying on *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) claims the Parole Board must either afford a parolee imprisoned in another State a hearing within 15 days after the execution of the parole revocation warrant or demonstrate that the parolee is not subject to the convenience and practical control of the board. Relator's reliance on the *Gonzales* case is misplaced. In *Gonzales,* the New Jersey

authorities had agreed to supervise the parolee's New York parole pursuant to an interstate compact known as the Uniform Act for Out-of-State Parolee Supervision (Executive Law, § 259-m *et seq.;* NJ Stat Ann, § 2A:168-14 *et seq.*). The interstate compact for out-of-State parolee supervision makes provision for consensual return of parolees for hearings (Executive Law, § 259-m, subd 1, par [3]) as well as for preliminary hearings held by receiving State officials (Executive Law, § 259-o, subd 3) as agents of New York (see Executive Law, § 259-n, subd 1, par [e]; *People ex rel. Gonzales v Dalsheim, supra,* pp 15-16). The instant case is factually distinguishable from *Gonzales* in that this relator was an interstate fugitive rather than a parolee transferred to New Jersey for parole supervision. Thus, the interstate compact, which governs parolees permitted to reside in another State under the State's parole supervision has no application. New Jersey officials were not obligated to act as agents of New York (cf. Executive Law, § 259-n, subd 1, par [e]) nor were they statutorily empowered to hold a preliminary hearing in New Jersey. Here, relator was a fugitive incarcerated in another State. Once the Parole Board established that he refused to waive extradition, the requirement was met that he was beyond the convenience and practical control of the New York Parole Board until extradition proceedings had been completed (cf. *People ex rel. Delrow v New York State Div. of Parole,* 81 AD2d 391, mot for lv to app dsmd 54 NY2d 784). As to relator's remaining claim, we agree that the charge alleging relator left the State without permission is supported only by hearsay evidence, with no residuum of legal evidence to support it (*People ex rel. Wallace v State of New York,* 70 AD2d 781, app dsmd 48 NY2d 1025). However, the fact that this charge was unsupported does not compel the granting of the writ since there is ample proof in the record to support the second charge. Accordingly, relator's parole status was properly revoked based upon his failure to report to the Syracuse office as directed. (Appeal from judgment of Oneida County Court, Buckley, J. — habeas corpus.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.