■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CURTIS SMITH, Respondent, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered March 6, 1981 in Clinton County, which sustained a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, and discharged petitioner. While petitioner was serving his parole in North Carolina from concurrent New York sentences and under the supervision of North Carolina authorities pursuant to the provisions of the Uniform Act for Out-of-State Parolee Supervision (Executive Law, § 259-m *et seq.*), he was arrested on October 24, 1977. Upon request of its sister State, New York did not issue a parole violation warrant at that time. Subsequently, on June 26, 1978, petitioner was convicted in North Carolina of assault and was sentenced to two years imprisonment. On the following day, New York issued and lodged a parole violation warrant against petitioner. On July 10, 1978, the New York State Board of Parole reviewed petitioner's case and declared him delinquent as of the date of his arrest on October 24, 1977. When petitioner's imprison-

ment in North Carolina ended, he was transferred to New York and confined in the Albany County Jail on May 17, 1979. He was given a final parole revocation hearing on June 26, 1979 at which time his parole was revoked. In October, 1980, petitioner instituted this proceeding for a writ of habeas corpus, contending that he had been denied his right to a prompt parole revocation hearing in North Carolina within the time required by New York law. Special Term sustained the writ, discharged petitioner from custody and returned him to parole supervision. The People have taken this appeal. We affirm. Statutory law provides for prompt parole revocation hearings, with a preliminary hearing to be held within 15 days after the execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]) and a final parole revocation hearing is required within 90 days of the preliminary hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]). The Court of Appeals in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) has held that these statutory guarantees extend to persons in the physical custody of the authorities of a sister State, unless the Parole Board shows that such a hearing cannot be held subject to its convenience and practical control. Since both North Carolina and New York are parties to the interstate compact for out-of-State parole supervision (Executive Law, § 259-m) and, further, since that compact contains provisions for either returning a parolee incarcerated in a sister State to New York for parole revocation hearings (Executive Law, § 259-m, subd 1, par [3]) or for arranging for such hearings to be conducted in the State of incarceration, which would have the same force and effect as a hearing conducted in New York (Executive Law, § 259-o, subd 3), it is incumbent upon the Parole Board to show that it at least attempted to implement the provisions of the out-of-State compact. The Parole Board made no attempt to meet its burden of showing that petitioner was not or could not easily have been brought within its convenient and practical control between June 27, 1978, the date it issued and lodged a parole violation warrant against petitioner, and May 1, 1979, the date petitioner was released in North Carolina and returned to New York. Rather, it argues that *Gonzales* (*supra*) should not be given retroactive effect, or alternatively, that *Gonzales* does not apply because the date of the parole delinquency preceded the decision in *Gonzales*. Neither contention has merit. Generally, a change in decisional law will be applied retrospectively to all cases still in the normal litigating process, as here, unless such application would cause undue instability, a situation not present here (see *Gager v White,* 53 NY2d 475, 483-484; *People v Pepper,* 53 NY2d 213). Moreover, the concept of retroactivity may not be involved. Although *Gonzales* was decided by the Court of Appeals on December 22, 1980, after petitioner's period of incarceration in North Carolina in 1979, the interstate compact provisions regarding parole hearings in sister States were in effect prior to that seminal decision (see Executive Law, § 259-o, subd 3). Finally, the Parole Board's reliance upon *People ex rel. Calloway v Skinner* (33 NY2d 23) for the contention that *Gonzales* is inapplicable because the date of parole delinquency, October 24, 1977, preceded the *Gonzales* decision is misplaced. The *Calloway* decision is legally and factually distinguishable. With the enactment of a statutory basis for prompt parole hearings in 1977 (Executive Law, § 259-i, added by L 1977, ch 904, § 3), the date of delinquency no longer necessarily triggers the starting point from which promptness of parole hearings are measured. Judgment affirmed, with costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.