■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WAYNE E. HERRING, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Crangle, J.), entered December 2, 1981 in Washington County, which denied petitioner's application for a writ of habeas corpus, without a hearing. The situation presented here is factually and legally indistinguishable from that in *People ex rel. Smith*

*v LeFevre* (88 AD2d 1086), which we deem controlling. Petitioner was incarcerated in the State of Pennsylvania, which is a party to the interstate compact for parolee supervision (Executive Law, § 259-m *et seq.;* 61 Pa Stat, §§ 321, 322), pursuant to a New York State parole detainer warrant executed on March 6, 1979. His statutory rights to a preliminary hearing within 15 days after the execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]) and to a final parole revocation hearing within 90 days of the preliminary hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]) were violated, and respondents have not met their modest burden of demonstrating that petitioner could not have been given prompt revocation hearings (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9). Accordingly, petitioner's parole revocation must be vacated. Judgment reversed, on the law, without costs, writ of habeas corpus sustained, and relator ordered restored to parole supervision. Mahoney, P. J., Sweeney, Kane, Main and Yesawich, Jr., JJ., concur.