■ In the Matter of HECTOR VASQUEZ, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered February 25, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a parole violation warrant. On September 27, 1977, petitioner was paroled from Auburn Correctional Facility to a program in New York City. On August 30, 1978, petitioner advised his parole officer that he had moved to Hartford, Connecticut, and was employed there. On September 11, 1978, the parole officer submitted a request for an "out-of-state investiga-

---

tion" to the State of Connecticut (see Executive Law, § 259-m). This request was pending until July 18, 1979, when the Connecticut authorities responded that they had lost contact with petitioner in December, 1978 and had just learned he was imprisoned in Connecticut. On June 1, 1979, after he pleaded guilty to a robbery charge, petitioner was sentenced by the appropriate Connecticut court to a term of imprisonment of three and one-half to seven years. A parole violation warrant was issued by the New York Division of Parole on July 30, 1979, and sent to Connecticut. On October 15, 1979, the board declared petitioner delinquent as of December 11, 1978, and ordered that he be returned to New York State when available. By petition dated September 30, 1981, petitioner commenced the instant article 78 proceeding, contending that his preliminary and final parole revocation hearings were not timely held.[1] Special Term dismissed the proceeding and this appeal ensued. Petitioner maintains, *inter alia,* that the board failed to afford him a preliminary revocation hearing within 15 days after execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]).[2] Petitioner, relying on *People ex rel. Gonzales v Dalsheim* (52 NY2d 9; see, also, *People ex rel. Smith v LeFevre,* 88 AD2d 1086) asserts that the board must either afford a parolee imprisoned in another State a hearing within 15 days after the execution of the parole revocation warrant or demonstrate that the parolee is not subject to the convenience and practical control of the board. We agree with the Fourth and First Departments that petitioner's reliance on the *Gonzales* case is misplaced (*People ex rel. Manton v Von Holden,* 86 AD2d 967; *People ex rel. Delrow v New York State Div. of Parole,* 81 AD2d 391, mot for lv to app dsmd 54 NY2d 784; contra *People ex rel. Brown v Walters,* 84 AD2d 852 [2d Dept]). In *Gonzales,* the New Jersey authorities had agreed to supervise the parolee's New York parole pursuant to the Uniform Act for Out-of-State Parolee Supervision (Executive Law, § 259-m *et seq.*). The instant case is factually distinguishable from *Gonzales* since Connecticut had not agreed to supervise petitioner's New York parole (cf. *People ex rel. Maher v Jones,* 89 AD2d 733). Accordingly, the Uniform Act for Out-of-State Parolee Supervision was not applicable (see *People ex rel. Manton v Von Holden, supra; People ex rel. Delrow v New York State Div. of Parole, supra,* p 395; cf. *People ex rel. Adams v Vincent,* 63 AD2d 664) and Connecticut officials were not obligated to act as agents of New York (see *People ex rel. Manton v Von Holden, supra*). This being the case, upon the instant record, we conclude that petitioner was not subject to the convenience and practical control of the board until released from prison in Connecticut (*People ex rel. Delrow v New York ·State Div. of Parole, supra,* pp 395-396). Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.

---

1. On March 13, 1982, subsequent to the date of the order appealed from, petitioner was paroled in Connecticut and was then returned to New York. No parole revocation hearing was conducted until petitioner was returned to New York.

2. Petitioner also asserts that the final revocation hearing was not timely held. Section 259-i (subd 3, par [f], cl [i]) provides that a final revocation hearing must be held within 90 days of the preliminary hearing. Since the instant proceeding was commenced before a preliminary hearing was conducted, the argument concerning the final revocation proceeding is superfluous.