■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHILIP ALEXANDER, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Respondents. — Judgment unanimously affirmed. Memorandum: On February 19, 1981 relator was released to parole from a New York correctional institution with permission to reside in California pursuant to the Uniform Act for Out-of-State Parolee Supervision (Executive Law, § 259-m *et seq.*). On March 22, 1981 he was arrested on a felony charge in California. After being notified of the arrest by the California parole authorities, New York lodged a parole violation warrant on April 8, 1981 and requested that relator be given preliminary and final revocation hearings. A preliminary hearing was held in California on July 3, 1981 but the California authorities informed the New York authorities that they did not give final revocation hearings. On November 2, 1981 petitioner entered a plea of guilty to a misdemeanor and was sentenced to 365 days in San Bernardino County Jail with 339 days' credit for time served. When that sentence was terminated on November 21, 1981, relator was held on the New York detainer until December 15, 1981, when he was removed by a New York State parole officer who returned him to New York. A final parole revocation hearing was held on January 28, 1982 at which appellant's parole was revoked and a delinquency date of March 22, 1981 was sustained. Petitioner contends, under the authority of *People ex rel. Gonzales v Dalsheim* (52 NY2d 9), that he is entitled to be restored to parole status because the New York Parole Board did not afford him a final parole revocation hearing within the 90-day period required under section 259-i (subd 3, par [f], cl [i]) of the Executive Law and the board has not sustained its burden of establishing that petitioner was not "subject to the convenience and the practical control of the Parole Board" (*People ex rel. Walsh v Vincent*, 40 NY2d 1049, 1050). Given the fact that California refused the request of the New York parole authorities to afford relator a final revocation hearing, coupled with the great distance and cost that would have been involved in transporting him to New York, even assuming California would have released him while a felony charge was pending, there is sufficient "[e]vidence of the reluctance or unwillingness of the correctional authorities in [California] to cooperate" and "significant practical difficulty * * * in arranging for the presence of the parolee * * * to meet the modest burden placed on the New York State parole authorities" (*People ex rel. Gonzales v Dalsheim*, 52 NY2d 9, 15, *supra*). Also without merit is relator's other argument that he should be given credit for his one-year sentence in California. Inasmuch as he spent no time in confinement in excess of the term of the California sentence, he is not entitled to credit (Penal Law, § 70.40, subd 3, par [c], cl [iii]; see *People ex rel. Julio v Walters*, 88 AD2d 259, 265). (Appeal from judgment of Supreme Court, Wyoming County, La Mendola, J. — habeas corpus.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.