■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT WHITE, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Judgment unanimously affirmed. Memorandum: Relator, a parole violator who has been returned to the Attica Correctional Facility to serve the remainder of a 15-year prison term for robbery imposed in 1969,

appeals from a judgment which dismissed his habeas corpus petition. He contends: (1) that he was denied a prompt revocation hearing, and (2) that the Parole Board did not meet its burden of proof at the final revocation hearing. On December 17, 1974 relator, while paroled to the supervision of the State of South Carolina pursuant to the Uniform Act for Out-of-State Parolee Supervision (Correction Law, § 224 [current version at Executive Law, § 259-m]), was arrested for bank robbery by Federal authorities in North Carolina and incarcerated there; he had left South Carolina without the permission of his parole officer. New York authorities issued a parole violation warrant on February 24, 1975 and requested North Carolina authorities to lodge it against him as a detainer. On March 10, 1975 he was convicted of bank robbery in a United States District Court in North Carolina, sentenced to an indeterminate 15-year prison term, and committed to the custody of the United States Attorney General. On November 11, 1975 he was also convicted of bank robbery in a United States District Court in South Carolina and sentenced to a concurrent 14-year prison term. Thereafter, he was committed to the custody of the United States Bureau of Prisons and served his sentence in Leavenworth, Kansas, and Springfield, Missouri, until he was paroled from Federal custody on June 6, 1981. Upon his parole he was handed over to New York authorities, returned to New York and housed in the Erie County Holding Center. A preliminary revocation hearing was held on July 1, 1981 and a final revocation hearing was held on August 14, 1981. Relator's claim that he was denied a prompt revocation hearing because of the delay between his arrest and the conducting of a revocation hearing is without merit. He was arrested and incarcerated by Federal authorities in North Carolina where the interstate compact had no application because relator was a fugitive from South Carolina, and North Carolina had no compact obligations involving him (see *People ex rel. Manton v Von Holden,* 86 AD2d 967). He was then convicted of bank robbery in North Carolina and committed to the custody of the United States Attorney General. He was never returned to the custody of the South Carolina authorities to whom his parole was transferred, and he was never returned to the jurisdiction of the New York authorities until his release from Federal prison in 1981 (cf. *Matter of Higgins v New York State Div. of Parole,* 72 AD2d 583). As long as he was in Federal custody, he was beyond the convenience and practical control of the Parole Board (see *People ex rel. Spinks v Dillon,* 68 AD2d 368; see, also, *People ex rel. Manton v Von Holden, supra*). The Court of Appeals holding in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) does not require a different conclusion because in this case, unlike *Gonzales,* there was no existing statutory or administrative mechanism to effect relator's transfer from Federal custody for a revocation hearing. We hold that on this record the Parole Board has satisfied the "modest burden" placed on it by the *Gonzales* decision to explain why relator was not given a revocation hearing until he was returned to New York (see *People ex rel. Gonzales v Dalsheim, supra,* pp 14-15; cf. *People ex rel. Julio v Walters,* 88 AD2d 259). The additional point raised by relator is also without merit. At the final revocation hearing certified copies of certificates of conviction issued by Federal courts in North and South Carolina were entered into evidence. There can be no valid claim that the proof was insufficient to revoke his parole (see *People ex rel. Maggio v Casscles,* 28 NY2d 415, 418; 9 NYCRR 8005.2 [d]; see, also, *People ex rel. Manton v Von Holden, supra*). (Appeal from judgment of Supreme Court, Wyoming County, Kasler, J. — habeas corpus.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.