*982 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the matter remitted to Supreme Court for determination of whether the petitioner was subject to the convenience and practical control of the New York parole authorities while he was in the custody of the State of Connecticut.
In 1976 petitioner was sentenced by the New York courts to a term of one year to life for criminal sale of a controlled substance. He was released on parole on September 27, 1977. In 1979 he was arrested in Connecticut, convicted of robbery first degree and sentenced to 4 term of three and one-half to seven years in prison. On July 30, 1979 New York issued a parole violation warrant and forwarded it to the Connecticut authorities. On October 15,1979 the board declared petitioner delinquent as of December 11,1978 and it requested that the Connecticut authorities return petitioner to New York when he was available. No revocation hearings were held for petitioner until after he was paroled by Connecticut on March 12, 1982 and while the appeal from this proceeding was pending.
By this article 78 proceeding commenced September 30, 1981, petitioner contended that he was being denied his right to a timely parole revocation hearing. He alleged that respondent failed to comply with section 259-i of the Executive Law inasmuch as no preliminary hearing had been held within 15 days of the execution of the parole revocation warrant and because respondent refused to afford him a final hearing until his return to New York after serving his sentence in Connecticut and thus the revocation of his parole must be vacated.
Special Term dismissed the petition based upon respondents’ defense that petitioner had not been accepted for parole supervision by the State of Connecticut and that he therefore did not come within the terms of the Interstate Compact (Executive Law, § 259-m). Accordingly, it held that petitioner was not subject to the convenience and practical control of the New York parole authorities. The Appellate Division affirmed, distinguishing People ex rel. Gonzales v Dalsheim (52 NY2d 9) on that basis. Our *983 holding in Gonzales should be applied to this case. Although parole revocation proceedings had been commenced prior to the Gonzales decision, no final judgment had been issued against petitioner before Gonzales was handed down; Gonzales thus controls. We disagree with the Appellate Division, however, that the proceeding can be distinguished from Gonzales because in that case the New Jersey authorities had accepted supervision of the parolee under the Interstate Compact while in this case Connecticut had not. By our ruling in Gonzales we established that the burden rests upon the parole authorities in every instance in which timely hearings have not been held to demonstrate that they were unable to do so because the parolee was not subject to their convenience and practical control. A presumption alone cannot satisfy that burden.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order reversed, without costs, and matter remitted to Supreme Court, Albany County, for further proceedings in accordance with the memorandum herein.