■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT WHITE, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Upon reargument, judgment unanimously reversed, petition reinstated and relator remanded to Supreme Court, Wyoming County for a hearing in accordance with the following memorandum: We previously held that relator was not subject to the convenience and practical control of New York parole authorities while he was in Federal custody and that there was no existing statutory or administrative mechanism to effect his transfer for a revocation hearing (*People ex rel. White v Smith*, 90 AD2d 973). Upon reargument relator has submitted evidence which indicates the existence of a mechanism whereby he could have been made available and subject to the Board of Parole's control. Since this evidence was not before Supreme Court, the matter should be remitted for an evidentiary hearing at which the parole authorities have the burden to demonstrate that a timely hearing was not held because relator was not subject to their convenience and practical control (see *Matter of Vasquez v New York State Bd. of Parole*, 58 NY2d 981; *People ex rel. Posada-Osario v Hammock*, 58 NY2d 978; *People ex rel. Gonzales v Dalsheim*, 52 NY2d 9). (Reargument of Appeal from judgment of Supreme Court, Wyoming County, Kasler, J. — habeas corpus.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v CHARLES BRUCE ACOMB, Defendant. — Motion to change venue of trial of indictment from Livingston County denied. Memorandum: We conclude that the defendant has not on this application met his burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Livingston County (CPL 230.20, subd 2). If it develops during *voir dire* that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. (See *People v DiPiazza*, 24 NY2d 342; *People v Hatch*, 46 AD2d 721; *People v Sekou*, 45 AD2d 982, app dsmd 35 NY2d 844). Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ. (Order entered March 18, 1983.)

■ FRANCIS MAY, JR., Respondent, v COUNTY OF ONONDAGA et al., Appellants. — Motion to dismiss appeal as not timely taken denied, cross motion to settle record denied. (22 NYCRR 1000.5 [a] [3].)

■ In the Matter of LOUIS QUILL, as Supervisor, et al., Petitioners, v CITY OF AUBURN, Respondent. — Motion granted and proceeding by City of Auburn dismissed as not timely commenced; proceeding commenced by Louis Quill *et al.*, dismissed (General Municipal Law, § 712, subd 1) and motion for stay denied as academic.

■ KARIN WILLIAMS, Respondent, v ALFRED WILLIAMS, Appellant. — Motion granted and appeals taken from orders entered July 30, 1982 and August 6, 1982 dismissed (CPLR 5511; *Press v A. A. Truck Renting Corp.*, 26 AD2d 585); motion insofar as it requests dismissal of appeals taken from orders entered September 15, 1982 and October 15, 1982 denied.