■ In the Matter of WILLIAM J. WHITE, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered May 4, 1983 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a parole violation warrant filed with the State of Mississippi. Petitioner, while on parole in New York State, absconded from parole supervision and was subsequently convicted of a crime in Mississippi and sentenced to a term of eight years' imprisonment. On January 15, 1982, respondent caused a parole violation warrant to be lodged against petitioner in Mississippi. Petitioner subsequently advised respondent by letter dated February 1, 1982 that he wanted his final revocation hearing to proceed in his absence and stated that he waived his right to a preliminary hearing and his right to be present at the revocation hearing. By letter dated February 3, 1982, respondent requested the Mississippi Department of Corrections to make petitioner available for return to New York for a preliminary revocation hearing and noted that if petitioner's parole were revoked, respondent would be without statutory authority to return petitioner to Mississippi. Other letters were exchanged culminating in a letter dated June 18, 1982 to respondent from a Mississippi Assistant Attorney General confirming that the interstate agreement on detainers did not apply in this case and stating that, in order to secure petitioner's presence in New York, it would be necessary for the Governors of New York and Mississippi to execute an executive agreement whereby New York would agree to pay the cost of transporting petitioner and to return petitioner to Mississippi after his hearing. Respondent took no other action. By petition dated June 2, 1982, petitioner sought a writ of habeas corpus. The petition was treated as an application for relief pursuant to CPLR article 78 and then dismissed. A subsequent petition was treated as an application to renew or reargue, and the prior judgment dismissing the original petition was vacated pursuant to a stipulation. A hearing was then held and the court, by a judgment entered May 4, 1983, annulled and vacated the warrant. This appeal ensued. Although a parolee is in the physical custody of the authorities of a sister State, he is entitled to a prompt final parole revocation hearing unless the Board of Parole can sustain its modest burden of demonstrating that such a hearing cannot be held subject to its convenience

---

and practical control (*People ex rel. Gonzales v Dalsheim*, 52 NY2d 9). Respondent argues that due to the cumbersome administrative process involved in obtaining a Governors' agreement and the high cost of transporting petitioner to New York, back to Mississippi and possibly back to New York again, petitioner was not subject to respondents' convenience and practical control. Thus, it is maintained by respondent that petitioner was not entitled to a final parole revocation hearing until his release from incarceration in Mississippi. At the hearing, respondent presented evidence concerning the administrative mechanism for obtaining a Governors' agreement and the cost in money and manpower to transport petitioner. Petitioner argues, however, that by his letter to respondent dated February 1, 1982, he waived his right to be present at his final revocation hearing and, therefore, his presence in New York was unnecessary. Although petitioner did not raise the waiver issue in the court below, the letter was attached to the original petition and thus before the court. Such a waiver must be made knowingly and intelligently and consideration of the totality of the circumstances must be considered to determine its validity (*Matter of Schwartz v Warden, N.Y. State Correctional Facility at Ossining*, 82 AD2d 870). The letter in question does not reveal whether petitioner was aware of the consequences of his waiver or that such a waiver was made on the advice of counsel. Consequently, on the present record, we conclude that petitioner's purported waiver of his right to be present at the final parole revocation hearing was invalid. The issue thus narrows to whether respondent satisfied its burden of demonstrating that petitioner was not within its convenience and practical control. In a similar case wherein the parolee was imprisoned in California, the Appellate Division, Fourth Department, concluded that considering the great distance and cost involved in transporting the parolee to New York, the New York State parole authorities had satisfied their burden of establishing significant practical difficulty in arranging for the presence of the parolee in New York (*People ex rel. Alexander v Smith*, 90 AD2d 673, mot for lv to app den 58 NY2d 606). In our view, the cost of transporting the parolee or the cumbersome administrative process necessary to obtain a parolee do not constitute the "significant practical difficulty" contemplated by the Court of Appeals in *People ex rel. Gonzales v Dalsheim* (52 NY2d 9, *supra*) in order to relieve the parole authorities of their duty to provide a prompt final parole revocation hearing. Such problems would always exist where a parolee absconds from New York and becomes incarcerated in a sister State which is any great distance from New York. As the Court of Appeals has stated: "In view of the relative ease of interstate communication and transportation and the vitality of legal and practical interstate co-operation today we perceive no sufficient justification for laying down a per se rule that imprisonment in a sister State means necessarily and always that the imprisoned parolee is not subject to the convenience and control of New York State Parole authorities" (*People ex rel. Gonzales v Dalsheim*, 52 NY2d 9, 14-15, *supra*). Accordingly, it is the opinion of this court that respondent failed to sustain its burden of establishing that petitioner was not subject to its convenience and practical control and, therefore, judgment annulling and vacating the parole violation warrant was properly granted. Accordingly, the judgment of Special Term must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.