■ In the Matter of HECTOR VASQUEZ, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered July 19, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a parole violation warrant. In 1976, petitioner was sentenced in New York to a term of one year to life for criminal sale of a controlled substance. He was released on parole on September 27, 1977. In 1979, petitioner was arrested in Connecticut, convicted of robbery, first degree,

and sentenced by the appropriate Connecticut court to a term of imprisonment of 3½ to 7 years. On July 30, 1979, New York issued a parole violation warrant and forwarded it to the Connecticut authorities. On October 15, 1979, the board declared petitioner delinquent as of December 11, 1978 and requested that he be returned to New York when he was available. No revocation hearings were held for petitioner until after he was paroled by Connecticut on March 12, 1982. By petition dated September 30, 1981, petitioner commenced the instant CPLR article 78 proceeding, contending that he was denied his right to a timely parole revocation hearing. Special Term dismissed the petition upon the ground that petitioner had not been accepted for parole supervision by Connecticut authorities and that he thus did not come within the terms of the interstate compact (Executive Law, § 259-m). Therefore, Special Term held that petitioner was not subject to the convenience and practical control of the New York parole authorities. This court affirmed, distinguishing *People ex rel. Gonzales v Dalsheim* (52 NY2d 9) on that basis (*Matter of Vasquez v New York State Bd. of Parole,* 89 AD2d 734, revd 58 NY2d 981). The Court of Appeals, however, determined that its holding in *Gonzales* was applicable to this case, notwithstanding that petitioner was not subject to the interstate compact. The Court of Appeals thus reversed and remitted this proceeding to Special Term for further consideration in accordance with its decision. After complying with this direction, Special Term dismissed the petition and this appeal ensued. A preliminary revocation hearing must be held within 15 days after the execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]), and the final revocation hearing must be held within 90 days of the preliminary hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]). In *Gonzales (supra),* the Court of Appeals declared that the burden rests upon the New York parole authorities *in every instance* in which timely hearings have not been held to demonstrate that they were unable to do so because the parolee was not subject to their convenience and practical control (see *Matter of White v New York State Div. of Parole,* 96 AD2d 673). In this regard, the Court of Appeals instructs us that: "The out-of-State aspect of such a situation, of course, will bear directly and significantly on the necessary showing to be made by the parole authorities; the determination, however, must necessarily depend on the circumstances of the individual case. Evidence of the reluctance or unwillingness of the correctional authorities in the sister State to co-operate in making appropriate provision for a suitable hearing or a demonstration that the hearing should be held within the State of New York and that, notwithstanding the co-operation of the authorities of the sister State, significant practical difficulty would be encountered in arranging for the presence of the parolee at such a hearing would suffice to meet the modest burden placed on the New York State parole authorities" (*People ex rel. Gonzales v Dalsheim, supra,* p 15). The instant record details substantial efforts made by respondents to secure Connecticut's co-operation. Specifically, with regard to petitioner, by letter dated March 16, 1981 New York requested that Connecticut return petitioner for his preliminary and final revocation hearings. By letter dated March 27, 1981, the Connecticut authorities stated that petitioner would not be available for return to New York until completion of his Connecticut incarceration. Moreover, in a general letter dated January 19, 1981, New York authorities advised Connecticut officials of the *Gonzales (supra)* decision, decided December 22, 1980, and requested that Connecticut officials advise New York as to its ability to comply with the forthcoming requests in individual cases that Connecticut either give the hearings on behalf of New York or return the parolee to New York. The Connecticut authorities responded that they would be unable to conduct parole revocation hearings for New York parolees and, as discussed above, would not return the

parolee to New York. The above facts, augmented by an affidavit submitted by William Altschuller, an attorney for the Division of Parole, certainly suffice to meet the "modest burden" placed on the New York parole authorities in *Gonzales* (*supra*, p 15). In so deciding, we reject petitioner's argument that the above-referenced letters were untimely since they were sent long after the expiration of the 90-day period in which the final hearing was required to be held if he was within the convenience and practical control of the Division of Parole (see *People ex rel. Horan v New York State Div. of Parole,* 91 AD2d 1053, affd 59 NY2d 809). Although the New York authorities did not send their letters of inquiry to Connecticut until after *Gonzales* (*supra*) was decided, the Connecticut responses indicate no change of position and, accordingly, adequately demonstrate that petitioner was not within the convenience and practical control of respondents at any time between the period following the execution of the parole revocation warrant and the termination of petitioner's incarceration in Connecticut. The judgment should, therefore, be affirmed. Judgment affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.