■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD MILLER, Appellant, v LAWRENCE WELLS, as Warden of Albany County Jail, Respondent. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), entered December 22, 1983, which dismissed a writ of habeas corpus in a proceeding pursuant to CPLR article 70, after a hearing. On April 7, 1982, while on parole from the Great Meadow Correctional Facility, petitioner was charged in the Municipal Court of Paramus, New Jersey, with possession of stolen property. On April 8, 1982, the New York State Division of Parole issued a violation of parole warrant against petitioner and forwarded it to New Jersey authorities. On April 21, 1982, petitioner pleaded guilty to the charge of possession of stolen property in New Jersey and was sentenced to 45 days, the remainder of the sentence suspended. On April 27, 1982, petitioner was returned to New York by New York parole officers and served with a notice for preliminary hearing. On May 4, 1982, a preliminary hearing was held, probable cause was found and petitioner was ordered held for a final revocation hearing. On June 30, 1982, a writ of habeas corpus was issued to determine whether petitioner was afforded a timely preliminary hearing. The writ was dismissed by County Court and this appeal followed. A preliminary revocation hearing must be held within 15 days after execution of the parole revocation warrant (Executive Law, § 259-i, subd 3, par [c], cl [i]) and notice of the time, place and purpose of the hearing must be provided to the alleged violator within three days of the execution of the warrant (Executive Law, § 259-i, subd 3, par [c], cl [iii]). Petitioner argues that these time requirements were not

satisfied in this case and, therefore, he should be restored to parole. Indeed, petitioner's preliminary revocation hearing was held on May 4, 1982, more than 15 days after the issuance of the warrant on April 8, 1982. The fact that petitioner was incarcerated in New Jersey and not physically in New York for a large part of that time does not suspend the 15-day requirement unless it was shown that petitioner was beyond the convenience and practical control of the Parole Board (see *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9; see, also, *Matter of Vasquez v New York State Bd. of Parole,* 58 NY2d 981). At the habeas corpus hearing herein, there was simply no effort made to show that petitioner was beyond the convenience and practical control of the Parole Board during the time that he was incarcerated in New Jersey. Thus, because the preliminary revocation hearing was held more than 15 days after the warrant was issued, the writ of habeas corpus must be sustained and petitioner restored to parole supervision. Judgment reversed, on the law, without costs, writ of habeas corpus sustained, and petitioner restored to parole supervision. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.