OPINION OF THE COURT
Vincent E. Doyle, J.
Petitioner Roy S. Cope seeks a writ of habeas corpus directing his release from imprisonment on the ground that he has been denied the right to a prompt final parole revocation hearing.
On January 28, 1982, Cope was conditionally released on parole from the Attica Correctional Facility. Instead of reporting to his parole officer, Cope left the area and absconded from parole. On February 4, 1982 a parole violation warrant was lodged by respondents against petitioner Cope. He was declared delinquent as of January 28, 1982. In July 1983 Cope was convicted of burglary in the State of Iowa and sentenced to a 10-year term in a facility of the Iowa Department of Corrections. The parole violation warrant was filed as a detainer against the petitioner in Iowa on or about November 14,1983. On that same date respondents, by letter, requested the authorities at the Anamosa Men’s Reformatory, Anamosa, Iowa, to make peti *320 tioner available for return to New York for a preliminary revocation hearing, and also noted that if petitioner’s parole was revoked, respondents would be without statutory authority to return petitioner to Iowa. Subsequently, on November 14,1983, petitioner advised respondents by notice that he wanted his final revocation hearing to proceed in his absence and stated he waived his right to a preliminary hearing and his right to be present at the revocation hearing. On November 14, 1983 the Division of New York Parole receivéd a letter from the warden of Anamosa Men’s Reformatory indicating that the petitioner would not be released until 1987, but would notify New York parole authorities 30 days prior to any release. On December 8, 1983 New York State parole authorities informed Cope that because of his incarceration in Iowa, an in absentia hearing could not be conducted.
On August 1,1984, petitioner Cope was brought to New York from Iowa by New York parole authorities. On August 30,1984 a final revocation hearing was conducted and petitioner’s parole was subsequently revoked.
Petitioner, in support of the petition, contends: (1) Cope was not obliged to raise the issue of timeliness at his final revocation hearing, and (2) that the New York State parole authorities failed to provide him with a timely revocation hearing pursuant to the provisions of Executive Law § 259-i. Respondents, in opposition, urge: (1) the issue of timeliness of the administrative hearing was not raised at the hearing, (2) this issue is not a proper subject of review on this application, (3) petitioner was not subject to the convenience or practical control of the respondents, (4) he was not entitled to a final parole revocation hearing until his release from incarceration in Iowa, and (5) there was no showing that petitioner’s waiver of a final hearing was knowing and voluntary.
A parole proceeding is a creature of statute. Its aims, procedures and purposes are set forth in the Executive Law of this State. In such a proceeding the State alleges that a parolee has violated the conditions of his parole. The Executive Law sets definite time limits for resolving the issue of whether or not said conditions were violated (see, Executive Law § 259-i). Such statutory periods are to be strictly construed (People ex rel. Levy v Dalsheim, 66 AD2d 827, affd 48 NY2d 1019). Additionally, though a parole hearing is administrative in nature, a petitioner is still entitled to the protection of the due process clause of the 14th Amendment (Morrissey v Brewer, 408 US 471). Thus, a parole hearing officer is obligated, not only to sustain or dismiss *321 the violation charges against the alleged parole violator, but he must further make his findings with a view to protecting a petitioner’s constitutional rights.
In this case, among the documents presented for the parole hearing officer’s consideration was the request of the petitioner to waive the preliminary hearing and that the final revocation hearing be conducted in his absence. Also presented for consideration of the parole hearing officer was the letter dated December 8, 1983 written to petitioner by the Division of Parole Area Hearing Coordinator in which he misadvised petitioner of his legal rights where it is stated, “New York law has no provision for an in absentia violation of release hearing unless there is a knowing and voluntary absence from the hearing on the releasee’s part. This clearly does not apply to you, since your present incarceration in Iowa precludes your return to New York jurisdiction”. More about this misinformation will be hereinafter set forth. Further, on page 15, line 17, of the transcript of the revocation hearing, it appears that the petitioner had just met his assigned counsel and was not given the opportunity to review procedural details with him. Clearly, petitioner’s constitutional rights were not fully protected by the parole hearing officer. Lastly, the case of People ex rel. Diamond v Flood (100 AD2d 604 [2d Dept 1984]) relied upon by the respondent, in this court’s view, does not stand for the unequivocal proposition that in all cases, without regard to the specific circumstances attendant in each, that the parolee’s claim of a denial of a prompt hearing, unless raised in the administrative process, will not be entitled to judicial review. Here, in any event, the refusal of the Division of Parole to conduct a timely revocation in absentia on Cope’s request therefore is a significantly responsible reason for the untimeliness of Cope’s final revocation hearing. Thus, the issue of the timeliness of the administrative hearing is a proper subject for review by this court.
A parolee is entitled to a prompt final revocation hearing as long as he is, or may be, brought within the convenience and practical control of the Division of Parole (People ex rel. Walsh v Vincent, 40 NY2d 1049). Imprisonment in a sister State facility, however, does not necessarily mean that a parolee is not subject to the convenience and control of the New York State parole authorities (People ex rel. Gonzales v Dalsheim, 52 NY2d 9). The burden is on respondents to show that a hearing would not have been held subject to its convenience and practical control, and while this burden is a modest one “speculative arguments which could be advanced in every instance of out-of-State imprisonment” will not suffice (People ex rel. Gonzales v Dalsheim, supra, *322 p 15). Respondents here concede that despite petitioner’s request that a hearing be held, they made no effort to do so until he was released by Iowa authorities and returned to New York. They contend that due to the letter received from the warden of the reformatory in Iowa on November 14, 1983 to the effect that Cope had to serve his new sentence in Iowa until 1987, any request or attempt to hold a hearing would have been futile, in view of the expressed unwillingness of Iowa authorities to cooperate in making appropriate provisions for a suitable hearing. Respondents’ claim based upon this single letter is no better than the speculative arguments found lacking in Gonzales (see, People ex rel. Maher v Jones, 89 AD2d 733). It will be recalled, the letter aforesaid from the Iowa authorities was in response to the New York State Division of Parole letter dated October 20, 1983 in which the Iowa authorities were requested to make petitioner available for a preliminary revocation hearing and in which they were further informed that, if petitioner’s parole was revoked, respondents would not be able to return petitioner to Iowa. The language of the Division of Parole letter rather than evidencing a sincere and genuine effort to give petitioner a hearing, strongly discouraged the Iowa authorities from even attempting to accommodate respondents by guaranteeing that if petitioner were sent here, and his parole revoked, he would not be returned to Iowa. Certainly, it did not engender cooperation. Respondents’ failure to explore viable alternatives to this single refusal shows conclusively they have failed to meet their burden. Respondents also argue that since this case was not under the Interstate Compact (Executive Law § 259-m) there was no mechanism by which the New York Parole Division could have Iowa exercise New York’s parole authority over the petitioner at the time of the request. Such hypothesis is in direct contradiction with the Court of Appeals case addressed to that specific contention (Matter of Vasquez v New York State Bd. of Parole, 58 NY2d 981, 983), in which the court stated that the fact the parolee is not being supervised by the other jurisdiction pursuant to Interstate Cqmpact does not change the standard applicable or the burden of the Board “in every instance in which timely hearings have not been held”. Thus, respondents’ argument in this regard is rejected.
Finally, respondents’ assertion that a written request, as here, for an in absentia final revocation hearing without a preliminary hearing to determine if the waiver was voluntary and knowing, must be rejected, is also without merit. In the instant case, there is nothing in the record to indicate that petitioner’s request for waiver was not made knowingly and intelligently. *323 Accordingly, the requested waiver was effective and there was nothing to prevent respondents from proceeding in petitioner’s absence. Respondents were required to proceed (see, Matter of White v New York State Div. of Parole, 96 AD2d 673, affd 60 NY2d 920). The failure of respondents to so proceed within the time period prescribed by statute (Executive Law § 259-i) requires that the parole violation warrant be dismissed (People ex rel. Gonzales v Dalsheim, 52 NY2d 9, supra).
For all of the reasons above stated, the petition is granted. The parole violation warrant is vacated and petitioner restored to parole supervision.