■ In the Matter of JAMES REED, JR., Appellant, v WARREN ENDERS, as Area Supervisor, Division of Parole of the Executive Department of the State of New York, Respondent.— Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered June 1, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR 78, to vacate a parole violation detainer warrant and to restore petitioner to parole.

Petitioner was convicted in New York in 1954 and received a prison sentence of one day to life for rape in the first degree. He was paroled on January 27, 1959. Within three months following his release on parole, petitioner was arrested in Ohio and subsequently convicted of rape; he was sentenced to a term of imprisonment of 3 to 25 years for that crime. On June 5, 1973, petitioner was paroled to a program in Washington, D. C., under dual supervision by New York and Ohio. On August 16, 1974, petitioner was granted final release from Ohio. Shortly thereafter, the Washington, D. C., parole authorities discovered that petitioner had been arrested on September 21, 1974 in Maryland and charged with a number of crimes, including rape. He was subsequently convicted and is presently serving a 25-year prison sentence.

On November 6, 1974, respondent forwarded a New York parole warrant to the Washington, D. C., authorities and, on

November 15, 1974, requested that they give petitioner a preliminary hearing. The New York parole violation warrant was not lodged against petitioner in Maryland until December 19, 1974. On January 15, 1975, petitioner was notified of the parole violation charges against him and he waived his right to a preliminary hearing by signing New York Form 9011. Petitioner has constantly been in custody in Maryland since the lodging of the New York warrant, either awaiting trial or serving a sentence. No final revocation hearing has been conducted.

Petitioner contends that the existence of the parole revocation warrant prejudices him by making it impossible for the Maryland authorities to grant him parole for the Maryland crime. However, the undisputed evidence in the record is that the parole authorities in Maryland have never made a parole determination favorable to petitioner and that the lodging of the detainer warrant would have no effect upon a determination of his eligibility for Maryland parole.

Executive Law § 259-i (3) (c) (i) provides that a preliminary hearing shall be held within 15 days of the execution of the warrant. The statute further provides that a final hearing shall be held within 90 days of the probable cause determination (Executive Law § 259-i [3] [f] [i]). Strict compliance with the time limitations of the statute is required unless it is established that the revocation hearing could not be held in a timely manner because the parolee was not subject to its convenience and practical control (*Matter of Vasquez v New York State Bd. of Parole,* 58 NY2d 981; *People ex rel. Gonzales v Dalsheim,* 52 NY2d 9). The burden of establishing lack of convenience and practical control is upon respondent (*People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050).

In this instance it has been established that, as a matter of policy, Maryland does not conduct parole revocation hearings of out-of-State parolees, nor does it permit the release to out-of-State parole authorities of persons in its custody awaiting trial or serving a sentence upon conviction of a crime in that State. The extent of the cooperation by Maryland has been merely to give advance notification to respondent of a release date in order to permit respondent to execute the parole warrant.

Special Term properly concluded that petitioner is outside respondent's convenience and practical control and has been since the lodging of the parole violation warrant (*see, Matter of Vasquez v New York State Bd. of Parole,* 89 AD2d 734, *revd*

58 NY2d 981, *on remand* 97 AD2d 875, *lv denied* 61 NY2d 604). We agree.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.