■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHNNIE L. MCNAMEE, Appellant, v GEORGE INFANTE, as Sheriff of Albany County, et al., Respondents.—Main, J. P. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), entered December 5, 1984, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

In 1972, petitioner was sentenced to a prison term in New York after being convicted of rape in the first degree. He was paroled from New York to Connecticut on May 6, 1980. On July 14, 1983, petitioner was arrested in Vermont and charged with aggravated assault. On April 30, 1984, petitioner received a jail sentence of 30 days in the Rutland Community Correctional Center in Vermont in connection with this charge. On May 2, 1984, respondent New York State Division of Parole issued a parole violation warrant, which was forwarded to Vermont authorities on the very next day. Accompanying the warrant was a letter advising Vermont officials of the Division of Parole's obligation to provide petitioner with prompt preliminary and final revocation hearings and requesting that he be made available to return to New York for such hearings. In response to this letter, Vermont authorities, by letter dated May 22, 1984, notified the Division of Parole that the Rutland Community Correctional Center would not itself conduct a preliminary hearing. Moreover, Vermont did not release petitioner before the end of his 30-day period of incarceration so that he might return to New York for a hearing. Instead, when his Vermont sentence had been served,

petitioner signed a waiver of extradition and was returned to New York.

Petitioner's preliminary hearing was conducted on June 7, 1984, and his final revocation hearing was held on July 3, 1984. After petitioner was found to have violated his parole, he was ordered held for 18 months. The instant petition for a writ of habeas corpus challenging the parole revocation was thereupon filed, but County Court thereafter dismissed the writ. This appeal challenging the timeliness of the preliminary hearing followed.

Under the statutory framework of the Executive Law applicable to this case,* petitioner's preliminary hearing was required to be conducted within 15 days of the execution of the parole violation warrant. Strict compliance with this time limit was required unless it could be established that the hearing could not be held in a timely manner because petitioner was beyond the convenience and practical control of parole authorities (see, Matter of Vasquez v New York State Bd. of Parole, 58 NY2d 981, 983; People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 12). The "modest" burden of establishing such lack of convenience and practical control was on the parole authorities (see, People ex rel. Gonzales v Dalsheim, supra, p 15; People ex rel. Walsh v Vincent, 40 NY2d 1049, 1050; Matter of Vasquez v New York State Bd. of Parole, 97 AD2d 875, 876, lv denied 61 NY2d 604), and a mere showing that the parolee was imprisoned in another State did not satisfy that burden (see, People ex rel. Gonzales v Dalsheim, supra, pp 14-15).

Here, petitioner argues that respondents have failed to meet their burden of establishing that he was beyond the convenience and practical control of New York parole authorities. We do not agree. A reading of the record in this case demonstrates that the Division of Parole communicated to Vermont officials its obligation under then-New York law to provide petitioner with a preliminary hearing within 15 days of the execution of the warrant. The Vermont authorities responded by not making petitioner available to return to New York for such hearing and by sending a letter stating unequivocally that they would not provide petitioner with a preliminary hearing. Under the circumstances of this case (see, supra, p 15), we conclude that respondents met their burden of showing that petitioner was beyond their convenience and practical

---

* See, Laws of 1984 (chs 413, 435), effective November 1, 1984, amending, inter alia, Executive Law § 259-i.

control *(see, Matter of Reed v Enders,* 112 AD2d 602; *Matter of Vasquez v New York State Bd. of Parole,* 97 AD2d 875, *supra).*

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.