*891 OPINION OF THE COURT
George B. Ceresia, Jr., J.
In this habeas corpus proceeding, relator John Chapman alleges that respondents are illegally detaining him on a parole violation.
Relator was, on December 21, 1989, convicted of two counts of criminal sale of a controlled substance in the second degree and was sentenced to two indeterminate terms of 3 years 8 months to life imprisonment. On the same date, relator was convicted of three counts of criminal sale of a controlled substance in the third degree and was sentenced to three indeterminate terms of 3 years 11 months to 11 years 9 months’ imprisonment. All sentences were to run concurrently.
On May 22, 1995, relator was released on parole, and allowed to live in Connecticut with that State supervising his New York parole pursuant to Interstate Compact (see, Executive Law § 259-m). Relator was arrested and jailed by Connecticut authorities on July 20, 1995 for alleged violation of the parole conditions in both his Connecticut Agreement (Condition 12b) and his New York Agreement (Condition 13) in that he allegedly failed to complete or properly participate in a Federal drug recovery program. Relator thereafter on July 20, 1995 waived a preliminary violation hearing (see generally, Executive Law § 259-o [1], [2], [3]), and remained incarcerated in Connecticut until he was returned to New York on November 6, 1995. A final parole violation hearing is scheduled for January 3, 1996.
Executive Law § 259-o (4) states: "4. Whenever a preliminary violation hearing is conducted in another state pursuant to this section, the alleged violator must be afforded a final hearing within ninety days from the date of his return to this state.”
Subdivision (4) of Executive Law § 259-0 was enacted in 1984 (L 1984, ch 435, § 2 [eff Nov. 1, 1984]) to make it clear that persons incarcerated in other States while on New York parole were entitled to a final violation hearing within 90 days after their return to New York State.
Relator contends, however, that in view of the total length of his incarceration, the court should hold a hearing at which respondents would have the burden of establishing that relator "was not or could not easily have been brought within” the State’s "convenient and practical control” during the period *892 that relator was incarcerated in Connecticut (People ex rel. Gonzales v Dalsheim, 52 NY2d 9, 16 [1980]; Matter of Vasquez v New York State Bd. of Parole, 58 NY2d 981 [1983]). In the event respondents cannot meet that burden, relator submits that the time he was incarcerated in Connecticut must be added to the New York incarceration time when determining whether relator has been afforded a timely final violation hearing.
Relator’s contention must be rejected. The Court of Appeals in both Gonzales (supra) and Vasquez (supra) considered only the 90-day final hearing requirement contained in Executive Law § 259-i (3) (í) (i), and ruled that the 90-day period could only be extended if the State Board of Parole did not have convenient and practical control of the alleged parole violator. The Court of Appeals did not consider subdivision (4) of Executive Law § 259-o because it did not exist at that time.
If the court were to accept relator’s contention, the enactment of Executive Law § 259-o (4) would have been a nullity because the State Board of Parole would have the same burden it had prior to the enactment of subdivision (4).
In fact, subdivision (4) was enacted to eliminate the burden placed upon the State Board of Parole by Executive Law § 259-i (3) (f) (i) and the rulings in Gonzales (supra) and Vasquez (supra) (see, People ex rel. Corby v Sullivan, 138 AD2d 432, 434).
Moreover, since relator had the opportunity to have a timely preliminary violation hearing, and is being afforded a final violation hearing, there is no violation of relator’s constitutional or statutory due process rights.
Finally, as a convicted felon whose sentence is still running, it cannot be said that relator has demonstrated any constitutional speedy trial issue, and as prior noted, relator is receiving his hearing within the statutory time dictates of Executive Law § 259-o (4).
Accordingly, the court determines that relator’s detention is legal and relator’s application is in all respects denied.