Inving H. Saypol, J.
Petitioner, an inmate of Dannemora Prison, but currently detained at the Manhattan House of Detention for Men in connection with another application, here by writ of habeas corpus seeks his release from custody on the grounds (1) that he was returned to prison on an invalid parole violation warrant, and (2) that the Parole Board in sentencing him to four years’ “ delinquent time ” acted without authority.
Petitioner is a man of advanced years and in poor health. It is evident that he is virtually a prisoner for life. The court has considered assignment of court-appointed counsel. However, research into his questions negates the need for representation, since there is clearly no legal basis to upset the Parole Board action.
During service of two concurrent sentences of 15 years to life for attempted burglary and possession of burglars’ tools, petitioner in December, 1954 was released on 1 ‘ life parole ’ ’ because of poor health. A little more than six months later he was again arrested for burglary and possession of tools, when the warrant for parole violation which is the subject of inquiry here was issued. Petitioner was subsequently convicted of a felony and sentenced to a new term of 15 years to life. Pursuant to the mandatory provisions of section 219 of the Correction Law, he was first required to serve 5 years completing the balance of his prior term before entering upon the service of the new term, and was so advised. Before the completion of this mandatory five-year term, about two and one-half years after his arrest, the new 15-year sentence was vacated on appeal and a new trial granted (People v. Miller, 4 A D 2d 758). Petitioner was then allowed to plead guilty to the misdemeanor of ‘ ‘ Unlawful Entry ’ ’. He was resentenced to ‘ ‘ time served, *154 less one day.” Still considered a parole violator, he was returned to prison by authority of the warrant issued two and one-half years previously, whereupon the afore-mentioned four-year delinquent time sentence was imposed by the Parole Board.
Petitioner contends that the warrant having been executed on the vitiated felony charge, it “ served its purpose, and thereafter became void.” He further contends that the board’s action with respect to delinquent time is unauthorized because of the reduction of his crime to a misdemeanor.
Ordinarily, the discretionary power vested in the Parole Board to revoke a prisoner’s parole cannot be reviewed by habeas corpus (People ex rel. Jackson v. Morhous, 286 App. Div. 939; People ex rel. Pahl v. Hagerty, 262 App. Div. 45, affd. 286 N. Y. 645; Matter of Spitale, 276 App. Div. 632). It is only upon a showing that the board acted illegally, viz., beyond its statutory powers, or fraudulently, corruptly, capriciously, or in the absence of any information, that release may be sought by habeas corpus (5 Wharton, Criminal Law and Procedure [Anderson ed.], p. 445). No such showing has been made at bar.
In response to an inquiry made by the Division of Parole on a set of facts basically identical to those herein, the Attorney-General stated: “ The purpose of a parole violation warrant is for the return of * * * a violator to prison. The person referred to in your letter is still a parole violator and the action taken subsequent to his conviction on the new felony charge did not change his status in this respect. Consequently the parole violation warrant issued prior to the second conviction would still be effective”. (1954 Atty. Gen. 127; see, also, People ex rel. La Placa v. Heacox, 238 App. Div. 217.) The parole warrant properly issued even before conviction. The reversal of the judgment did not wipe out the misconduct for which it issued. He remained a transgressor so far as the conditions of his parole were concerned and his plea of guilty, though for a lesser offense, fortifies the conclusion of the continuing validity of the warrant. It would thus appear that petitioner’s contention that the original warrant was void is without foundation.
With respect to petitioner’s challenge of the board’s authority with respect to delinquent time, it is clear that having had his felony conviction vacated, the mandatory provisions of section 219 no longer applied. Instead, he became subject to section 218 of the Correction Law, which requires appearance before “ a parole court ” and after reviewing charges of parole violation may, “if it sees fit, require such prisoner to serve out in *155 prison the balance of the maximum term for which he was originally sentenced calculated from the date of delinquency or such part thereof as it may determine ’ \ A prisoner so sentenced is not eligible for parole until this assessed delinquent time has been served. (1955 Atty. Gen. 137.) Having acted with lawful authority reasonably, the action of the Parole Board may not be here reviewed. (Matter of Spitale, 276 App. Div. 632, supra.)
Writ dismissed.