J. Irwin Shapiro, J.
This is an application by the defendant, pro se, seeking the issuance by this court of a writ of habeas corpus based upon a contention by him that his present imprisonment for violation of parole is illegal.
By reason of the nature of the motion, and although defendant argued his application in person, Legal Aid, with his consent, was assigned to him. Decision was reserved with leave to Legal Aid to submit anything they desired in support of defendant’s position. Nothing was submitted. The District Attorney and the Attorney-General have likewise failed to submit anything in opposition.
The facts and circumstances surrounding the defendant’s application are as follows:
The defendant was convicted, upon his plea of guilty to indictment number 5346/31 of the crime of murder in the second degree and he was sentenced by Judge McLaughlin, on March 21,1932, to a term of 25 years to life.
In 1961, with consent of the District Attorney, the defendant was afforded a hearing on his application for a writ of error coram nobis and the court thereafter vacated the judgment of March 21, 1932 and reinstated his previous plea of not guilty on the ground that he had been promised a different sentence than the one imposed and that he had pleaded guilty solely in reliance upon the promise made to him.
The defendant was thereafter convicted upon his own plea of guilty to that indictment (5346/31) of the crime of murder in the second degree and was sentenced by Judge Starkey, in the former Kings County Court on May 9,1962, to a term of 20 years to life.
The defendant submits that prior to the vacating of the March, 1932 conviction he was: ‘ ‘ released on parole Sept., 1949, declared delinquent Aug., 1954, and returned to prison as a parole violator subject to the provisions of Sec. 219 of the Correction Law on March 15th, 1953, following his conviction on a plea of guilty to the crime of Bobbery 3rd Degree. The sentence on this later crime (the robbery 3rd degree conviction) was (5 to 10 years.) A later term (for a prior offense) of (5 to 10) years (to run concurrent) was had in Nassau County Court Aug. 16, 1956, (while petitioner was serving (5) years delinquent time.) ”
*462 It is further submitted by the defendant that after the vacating of the March, 1932 conviction and the entry of judgment upon his plea of guilty to the crime of murder in the second degree on May 9,1962 he was:
“ Besentenced on both the Queens and Nassau terms of (5 to 10) years, (as a 1st Offender,) receiving, respectivelly(sic) (3% to 7) years on Aug. 23,1961, credited with (7) years already served, and on the Nassau term Sept 25th 1961, to (5 to 10) years nunc pro tunc, with credit from Jan. 25th 1955.
“ This last resentence was modified to read on Aug 8th 1962, to (5 to 10) years nunc pro tunc.
“ On both committment (sic) papers it states:
“ ‘ Defendant has no previous conviction on record.’ ”
The defendant therefore contends “ That when the 1932 conviction was vacated, it became a nullity, (for all purposes) and he was no longer subject to Sec. 219 Corr. Law.”
Insofar as material, section 219 of the Correction Law provides that: ‘ ‘ If any person be convicted in this state of a crime or offense committed while on parole from an institution under the jurisdiction of the commissioner of correction and if he be sentenced therefor to such an institution he may, in addition to the sentence which may be imposed for such crime or offense, and before beginning to serve such sentence, be compelled to serve in such an institution, the portion remaining of the maximum term of the sentence on which he was released on parole ’ ’.
When the defendant committed the 1953 robbery he was on parole from the 1932 homicide conviction. It was therefore proper at that time for the New York State Parole Board to file a parole warrant against him (Correction Law, § 219).
However, when the court in 1961 vacated the defendant’s 1932 conviction it destroyed the underlying predicate for the application of section 219 of the Correction Law since the defendant could not be a parole violator on the homicide charge at the time of the commission of the robbery in 1953 since he was not validly convicted of the homicide charge until May 9, 1962.
When the 1932 judgment of conviction was vacated and defendant’s not guilty plea on the homicide charge was reinstated, all proceedings theretofore taken against the defendant on the theory that he was a convicted felon, including his parole status, necessarily terminated and became of no force and effect.
It therefore becomes obvious that the defendant could not, by committing a robbery in 1953, break the terms of a parole based upon a conviction which did not come into being until 1962.
While it is true that ‘ ‘ Ordinarily the discretionary power vested in the Parole Board to revoke a prisoner’s parole cannot *463 be reviewed by habeas corpus ” (People ex rel. Miller v. Silberglitt, 19 Misc 2d 152, 154, and eases therein cited), no question of discretionary power is here involved. To the extent that the Parole Board is detaining the defendant for violation of parole, it is acting in excess of its authority.
The petitioner’s application for a writ of habeas corpus is therefore sustained to the extent of directing the New York State Parole Board to correct its records to show that the defendant in 1953 was not a parole violator and to discharge him from custody under the parole warrant on which he is now detained. This determination, of course, is not to apply to any other valid grounds that may exist for the defendant’s continued imprisonment.
Legal Aid is directed to submit an order on this determination forthwith and to send a copy of this opinion to the defendant at his present place of abode.