## FOURTH DEPARTMENT, DECEMBER, 1966

## (December 1, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALLACE MABRY, Appellant.— Order unanimously affirmed.  (See *People* v. *Nicholson,* 11 N Y 2d 1067.)  (Appeal from order of Monroe County Court denying, without a hearing, motion for a rehearing on a motion to vacate a judgment of conviction for robbery and other felonies, entered November 22, 1962.)  Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ ROBERT W. KESTER, Respondent, v. BERNARD WARGULIA, Doing Business as INDIAN SPRING INN, Appellant.— Judgment and order unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party.  Memorandum: The verdict of the jury is contrary to the weight of the evidence.  (Appeal from judgment of Erie Trial Term, in favor of plaintiff in a negligence action, also appeal from order denying motion for a new trial.)  Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES FREEMAN, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica Prison, Respondent.— Order reversed and matter remitted to Wyoming County Court for a further hearing in accordance with the Memorandum.  Memorandum: The relator is presently serving a sentence of not less than two and one-half and not more than five years in Attica State Prison.  He alleges in his petition that following release on parole he was returned to prison as a parole violator, and that the alleged violation and requirement that he serve out in prison the balance of his term was a result of certain actions and representations by the parole authorities which, in effect, constituted entrapment and fraud.  Upon the return of the writ the court addressed a brief inquiry to the relator as to the substance of his claim and then stated that he would consider the case submitted and reserve decision.  Thereafter he ordered the writ dismissed and the relator remanded to the custody of the Warden of Attica Prison.  While the courts have uniformly held that the discretionary power vested in the Parole Board to revoke a prisoner's parole cannot be reviewed by habeas corpus, the actions of the board are not beyond judicial review if they are in violation of the statutes under which the board derives its power.  " The statutes declare that the action of the Board in releasing or refusing to release prisoners shall not be reviewable if not in accordance with law." (*Matter of Hines* v. *State Board of Parole,* 293 N. Y. 254, 257.)  The petition here charges arbitrary and fraudulent conduct on the part of the parole authorities which, if proved, would constitute a complete failure on their part to exercise the discretion accorded them by law.  The merit and substance of the allegations can only be determined by the court after a hearing at which whatever proof petitioner may have to support them may be submitted.  All concur except Williams, P. J. and Henry, J., who dissent and vote to affirm.  (Appeal from order of Wyoming County Court dismissing writ of habeas corpus.)  Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.