U. S. A. ex rel., Cleothon McNEIL, Petitioner,

v.

Hon. Theodore SCHUBIN, Superintendent, Ossining Correctional Facility, Ossining, New York, Respondent.

No. 72 Civ. 4657.

United States District Court, S. D. New York.

Jan. 10, 1973.

---

## MEMORANDUM

STEWART, District Judge:

In 1946, petitioner was convicted in the Supreme Court, Kings County for robbery in the first degree for which he was sentenced to a term of from fifteen to thirty years. On April 12, 1958, petitioner was placed on parole status and remained in this status until April 27, 1972, when he was arrested on a parole violation warrant and remanded to the Ossining Correctional Facility where he is currently incarcerated.

■ Petitioner contends that his detention is illegal in that there exists no basis in fact for the alleged parole violations and further, that he was denied a hearing before the parole board to contest revocation of his parole status. It appears from the record that petitioner has not made any previous efforts to raise his claim in the state courts and thus, he is barred from litigating this claim in the federal courts until such time as he has exhausted his state remedies pursuant to 28 U.S.C.A. § 2254.

■■ While the state courts have uniformly held that the discretionary power vested in the parole board to revoke a prisoner's parole cannot be reviewed by habeas corpus, the actions of the Board are not beyond judicial review if they are in violation of the statutes under which the Board derives its powers. People ex rel. Freeman v. Mancusi, 27 A.D.2d 634, 275 N.Y.S.2d 451 (1966), People ex rel. Miller v. Silberglitt, 19 Misc.2d 152, 187 N.Y.S.2d 369 (1959). To withstand judicial review, there need only be some factual basis for the Board's determination that the parolee did violate the terms and conditions of his parole. People ex rel. Ochs v. LaVallee, 33 A.D.2d 80, 307 N.Y.S.2d 982 (1969). Here, petitioner asserts there is no basis in fact for the alleged violations of parole and, therefore, it appears habeas corpus would be available to him upon application to the State Court.

Under the New York State Correction Law § 218, McKinney's Consol.Laws, c. 43 (§ 218 was repealed in 1970 but the provisions continue to apply in cases where the sentence involved is for an offense committed prior to 1967) the only right granted to the appellant parolee is to appear before the Board and offer an explanation as to the charge that he has violated parole. It is petitioner's contention that, in light of the recent Supreme Court decision in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the New York State Parole Board must grant parolees a parole revocation hearing. In *Morrissey*, the Court held that the Due Process Clause requires the "parolee [be] afforded, first, a preliminary hearing at the time of arrest to determine whether there is probable cause to believe that he has violated his parole conditions, and, second, a final hearing within a reasonable time to determine whether he has, in fact, violated those conditions and whether his parole should be revoked. For each hearing the parolee is entitled to notice of the violations alleged and the evidence against him, opportunity to be heard in person and to present witnesses and documentary evidence, and the right to confront and cross-examine adverse witnesses, unless it is specifically found that the witness would thereby be exposed to a significant risk of harm."

■ Petitioner was arrested on April 25, 1972, some five weeks before the

**168**

Court decided *Morrissey*. Petitioner argues that the protections accorded to the parolee in *Morrissey* should be retroactively applied to him. While we have no doubt that petitioner's contention merits serious consideration, the law is clear that it is inappropriate for this Court to entertain this question at the present time,

"When a petitioner asserts a claim in federal court and that claim is affected by a Supreme Court decision rendered after the state courts have last considered his case, the state courts should have an opportunity to apply the law as changed before the petitioner's remedies are considered exhausted."

James v. Copinger, 428 F.2d 235, 242 (4th Cir. 1970). See also, Brown v. Lash, 432 F.2d 1129 (7th Cir. 1970).

Since 28 U.S.C. § 2254 requires petitioner to first make an application to the State Court for redress of his claims before this Court may properly invoke jurisdiction, the petition for a writ of habeas corpus is dismissed.

So ordered.