■ The People of the State of New York ex rel. Paul Diamond, Appellant, v Walter J. Flood, as Warden of Nassau County Correctional Center, et al., Respondents. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), entered April 7, 1983, which dismissed the writ. ¶ Judgment reversed, on the law, without costs or disbursements, and matter remitted to the New York State Board of Parole for a factual determination as to whether the failure to hold a final parole revocation hearing on January 17, 1983 is attributable to the petitioner or the New York State Board of Parole and for further proceedings consistent herewith. ¶ The parties agree that the sole issue in this case is whether the failure to hold a scheduled final parole revocation hearing on January 17, 1983 is chargeable to the petitioner or to the New York State Board of Parole. If the former, then the final hearing, eventually held on February 10, 1983, was conducted within the 90-day limit prescribed by statute (Executive Law, § 259-i, subd 3, par [f], cl [i]). If the latter, then the hearing was untimely, and the petitioner must be restored to parole status (*People ex rel. Levy v Dalsheim,* 66 AD2d 827, affd 48 NY2d 1019). ¶ According to the petition, signed by counsel, the petitioner did not attend the scheduled

hearing on January 17, 1983, thereby resulting in an adjournment, because he was compelled to attend court with respect to certain traffic tickets. Specifically, on the morning in question a correction officer at the Suffolk County Correctional Facility allegedly ordered petitioner "to take his place in line for transportation to court" and said that "he would be physically forced to go to court if he attempted not to do so". He was returned to the jail at 4:00 P.M. Petitioner claims that the failure to hold the hearing "was the fault of the [parole board] who [sic] failed to telephone the correctional facility to ensure that the date of the hearing was not a court date for petitioner[,] who [sic] failed to make arrangements to conduct the hearing at the courthouse[, and] who [sic] preferred making it an early day rather than waiting until petitioner's return to the correctional facility from the court". ¶ Special Term dismissed the writ, apparently on the ground that the petitioner's attendance in court on January 17, 1983 constituted an action precluding the prompt conduct of the parole revocation hearing (Executive Law, § 259-i, subd 3, par [f], cl [i]). ¶ In effect, both the petitioner and the board argue for the adoption of a per se rule, petitioner being a proponent of the position that a court attendance should never be counted against the alleged parole violator, and the board espousing the view that if the alleged violator attends court instead of a scheduled hearing, it is his or her fault, not the board's. We disagree with both positions. ¶ There may well be cases, as suggested by the petitioner, where, despite a scheduled court appearance, the board could still hold a hearing within the statutory time frame. Whether this could be done by rescheduling, conducting the hearing elsewhere or at a different time, or by some other expedient, would differ with the circumstances. In general, the board is obligated to conduct a prompt hearing whenever the alleged violator is within the board's practical convenience and control (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9). There is no reason to presume that attendance at court by the parolee necessarily takes that individual out of the board's control insofar as holding a prompt hearing is concerned (cf. *People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050). The existence or nonexistence of mechanisms which could have been utilized in this case so that the hearing could have proceeded on the date scheduled should thus be explored (see *People ex rel. White v Smith,* 93 AD2d 1001). ¶ On the other hand, we are not oblivious to the potential for abuse by an alleged violator in utilizing court appearances which conflict with scheduled parole hearing dates. The statutory 90-day time frame might, in the hands of a knowledgeable offender, become the subject of manipulation. Thus, for example, an alleged parole violator might intentionally obtain an adjournment of a court date so that the new date conflicts with a scheduled parole hearing, just so that the hearing would be adjourned past the 90-day period. In our view, such conduct, if found to exist, is equivalent to an outright refusal to attend the hearing and constitutes a waiver (see *People ex rel. Griffin v Walters,* 83 AD2d 618; *People ex rel. McFadden v New York State Div. of Parole,* 79 AD2d 952; *People ex rel. Sincento v New York State Bd. of Parole,* 78 AD2d 574). This is a factual issue which must be explored by the board (see *People ex rel. Walker v New York State Bd. of Parole,* 98 AD2d 33; *People ex rel. Herrera v Schager,* 88 AD2d 983). ¶ In accordance with our decision in *People ex rel. Walker v New York State Bd. of Parole (supra),* we remit the matter to the New York State Board of Parole so that it may make the appropriate factual findings in the first instance. We note that, in the future, parolees will not be permitted to obtain judicial review of claims of a denial of a prompt hearing unless the matter has been raised in the administrative process (*Matter of Hopkins v Blum,* 58 NY2d 1011; *People ex rel. Martinez v Walters,* 99 AD2d 476; *Matter of Celestial Food Corp. v New York State Liq. Auth.,* 99 AD2d 25). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.