OPINION OF THE COURT
Seymour Rotker, J.
The Attorney-General moves this court for an order modifying a prior order rendered on March 13, 1984.
The court grants review of this application.
An examination of the facts establishes that the petitioner, Reginald Robertson, originally brought two habeas corpus proceedings for the purpose of challenging his present incarceration. He alleges that he was denied due process of law in regard to his parole hearings and also did not receive a timely final parole revocation hearing.
Petitioner, in his original moving papers, contends that he was arrested on criminal charges on January 9, 1981, and a parole warrant was lodged against him on May 5, 1981. He alleges that his arrest was based upon the fact that he had brought an action against the New York City Police Department for violation of his civil rights.
An analysis of petitioner’s supporting papers establishes that he was represented in his various parole actions by several different attorneys, to wit: Andrew H. Eibel, John *62 Kurkemelis, Corinne Edelbaum, and a fourth attorney, Victor Knapp. The last two attorneys are presently bringing habeas corpus actions on petitioner’s behalf. In a decision rendered on March 13,1984, this court was unable to determine the factual background of this case since there were conflicting claims as to representation, hearing dates and the adjournments of same. Under these circumstances, affidavits were insufficient to resolve the issues and the court in its decision set the matter down “for a hearing to determine who was representing petitioner and to determine whether petitioner’s rights have been violated and whether he is being illegally detained.”
The Attorney-General now seeks a modification of the court’s ruling. He argues that the recent Appellate Division case of People ex rel. Diamond v Flood (100 AD2d 604) stands for the proposition that all preliminary issues of fact should be resolved by a hearing officer and not by the court.
In considering this application, this court starts off with the view that a parole proceeding is a creature of statute; its purposes, procedures and goals are set forth in the Executive Law of this State. The harsh reality of each parole issue is the fact that one person has been deprived of his liberty through the allegations of another, who is the agent of the State. These allegations are simply that a parolee has violated the conditions of his parole. Consequently, the Executive Law sets down definite time limits for resolving the issue of whether or not said conditions were violated. These time limits are set forth in section 259-i of the Executive Law. Such statutory periods are to be strictly construed (People ex rel. Levy v Dalsheim, 66 AD2d 872, affd 48 NY2d 1019).
In addition to statutory rights, the Supreme Court has held that even though a parole hearing is administrative in nature, a petitioner is still entitled to the protection of the due process clause of the Fourteenth Amendment (Morrissey v Brewer, 408 US 471). The minimum requirements set forth in that case held that a parolee is constitutionally entitled to (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to *63 present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing the confrontation); (e) a “neutral and detached” hearing body such as a traditional Parole Board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking parole (p 489).
Thus, a parole hearing officer is obligated, not only to sustain or dismiss the violation charges against the alleged parole violator but he must further make his findings with a view to protecting a petitioner’s constitutional rights.
In connection with parole hearings, the Appellate Division ruled in People ex rel. Walker v New York State Bd. of Parole (98 AD2d 33), that the question of notice in regard to parole hearings is a question of fact to be resolved at the revocation hearing. Once this issue is determined administratively, then the court could make judicial review of the parole officer’s finding.
In People ex rel. Diamond v Flood (supra), the appellate tribunal repeated the injunction that a parole hearing is administrative in nature and stressed the obligation of the hearing officer to make appropriate factual findings in connection with the alleged parole violations. The Appellate Division also stated in that case, “We note that, in the future, parolees will not be permitted to obtain judicial review of claims of a denial of a prompt hearing unless the matter has been raised in the administrative process” (100 AD2d, at p 605).
Analyzing both of these cases, it is clear that the Appellate Division has now mandated that factual issues such as notice, or representation by attorneys are to be resolved by the Board of Parole in accordance with its rules and guidelines without violating one’s due process rights. Only after such a parole finding has been made does the court have authority to review same.
This brings us to the present application. In the current matter, this court notes that the Attorney-General’s motion is one of six brought on either by petitioner’s two attorneys or the State. Such a fragmentation of legal remedies can only resolve issues piecemeal and delays the *64 final parole hearing required by law. Since this is so, the evidentiary hearing set down by this court is ordered transferred to the Board of Parole and will be incorporated into the final parole revocation hearing. At this proceeding, the hearing officer will have petitioner’s complete file before him and be able to make meaningful determinations as to discovery, representation of counsel and hearing delays.
The application is therefore granted to the extent that the evidentiary hearing set down by this court is transferred to the Board of Parole and will be incorporated into the final parole revocation hearing. Said hearing will be held within 30 days of notice of this order.