OPINION OF THE COURT
Meyer, J.
Issues of fact in a habeas corpus proceeding on which depend the legality of the continued detention of an alleged parole violator are to be tried by the court issuing the writ, not by the Parole Board. The effect of an order transferring such issues to the Parole Board for hearing is to terminate the habeas corpus proceeding. That order was, therefore, final and appealable to the Appellate Division, but a second order entered in the proceeding denying relator’s application for the issuance of subpoenas duces tecum was intermediate and not appealable. The order of the Appellate Division dismissing relator’s appeal from the transfer order (treated as an order of affirmance for the purposes of this court’s jurisdiction) should, therefore, be reversed by vacating the dismissal and remitting the matter to Supreme Court for trial forthwith of the issues *199 of fact. The appeal, insofar as is from so much of the nonfinal order of the Appellate Division, should be dismissed.[1]
I
Relator, Reginald Robertson, was paroled from State prison in October 1977, after having served over five years of a maximum 20-year sentence for manslaughter in the first degree. On January 9, 1981, while on parole, he was arrested and the following day was arraigned on a felony complaint charging two counts each of reckless endangerment in the first degree, criminal possession of a weapon in the second degree and menacing. Relator promptly notified the Division of Parole of his arrest. He was indicted on February 23, 1981 on the weapons charges only. In March 1981, he served a notice of claim on the City of New York as a predicate to a civil action against it and the arresting police officers.
On May 4, 1981, the Division issued a parole violation warrant based upon relator’s felony arrest and subsequent indictment and relator was arrested and incarcerated the following day. He immediately waived his right under Executive Law § 259-i (3) (c) (i) to a preliminary probable cause hearing. On March 30, 1983, a jury acquitted relator of the weapons charges. However, he remains incarcerated under the warrant to this day.
In January 1984, relator, pro se, by verified petition, sought the issuance from Supreme Court at Special Term, Queens County, of a writ of habeas corpus. Although the thrust of the petition is that the four-month delay between relator’s felony arrest and the issuance of the warrant prejudiced relator and deprived him of procedural due process (an argument since abandoned), the petition also challenges the legality of his detention on a number of other grounds: that the warrant was issued in bad faith in retribution for his civil suit; that his waiver of a preliminary hearing was involuntary because based upon a parole officer’s false statement that relator’s then attorney had given instructions that relator should do so; that the final revocation hearing required by Executive Law § 259-i (3) (f) (i) had not been held although more than 90 days had passed since his waiver of a preliminary hearing. The Division’s answering papers raised issues of fact, and relator, having meanwhile obtained the representation of the attorney *200 who represents him on this appeal, requested a fact-finding hearing.
A different attorney was, however, appointed to represent relator at a final parole revocation hearing. Because 33 months had passed since relator’s waiver of a preliminary hearing without a final revocation hearing, that attorney obtained issuance of a second habeas corpus writ. The petition on which the writ was based was supported by Division of Parole documents indicating that hearings had been scheduled but adjourned at the Division’s request and alleged that at least 199 days of delay were chargeable to the Division. The Division’s response was that relator’s then attorney had requested by letter dated May 21, 1981 that the final hearing be postponed until the felony charges had been tried and that the adjournments after relator was acquitted on those charges were at his request.
The two writs were consolidated and the Criminal Term Justice before whom the proceeding came on for hearing, noting the existence of fact issues, set the matter down for further Criminal Term hearing to determine whether relator was being illegally detained. Within a few days after that order, however, the Appellate Division decided People ex rel. Diamond v Flood (100 AD2d 604, 605), in which it remitted to the Parole Board a prompt hearing question and noted "that, in the future, parolees will not be permitted to obtain judicial review of claims of a denial of a prompt hearing unless the matter has been raised in the administrative process”. On the Division’s motion for reconsideration of the order setting the proceeding for hearing at Criminal Term, that order was modified, on the basis of the Diamond holding, to transfer the matter to the Parole Board for a hearing to be held within 30 days (124 Misc 2d 61).[2] In a separate order, Criminal Term denied relator’s request for the issuance of subpoenas duces tecum, without prejudice to renewal before the Parole Board. On relator’s appeal to the Appellate Division from both orders, that court, characterizing both orders as intermediate and not appealable in a habeas corpus proceeding, dismissed the appeals (112 AD2d 333). We granted relator leave to appeal (66 NY2d 602) and now modify as above set forth.
*201 II
The purpose of habeas corpus is to test the legality of the detention of the person who is the subject of the writ (CPLR 7002 [a]; People ex rel. Shapiro v Keeper of City Prison, 290 NY 393, 399). The summary and exigent nature of the proceeding is evidenced by the requirement of CPLR 7003 (a) that the court "issue the writ without delay on any day,” the provision of CPLR 7005 authorizing service of a writ on any day notwithstanding that service of other process on a Sunday is void (General Business Law § 11), and the direction of CPLR 7009 (c) that "[t]he court shall proceed in a summary manner”. Thus, in holding an order setting a child custody petition for hearing before the court not appealable, we noted in People ex rel. Duryee v Duryee (188 NY 440, 445-446) that: "The writ of habeas corpus, as its history shows, is a summary proceeding to secure personal liberty. It strikes at unlawful imprisonment or restraint of the person by state or citizen, and by the most direct method known to the law learns the truth and applies the remedy. It tolerates no delay except of necessity, and is hindered by no obstacle except the limits set by the law of its creation. Hence the legislature commanded that no appeal should be taken from incidental orders made in the course of the proceeding, as that might cause delay and prolong the injustice. Even the evil of a wrong order, if not vital, was preferred to the danger of delay caused by an appeal therefrom.” (See also, People ex rel. Glendening v Glendening, 281 NY 602, on further appeal after remand 284 NY 598; People ex rel. Woodbury v Hendricks, 215 NY 339, 344.)
That the evidentiary hearing concerning legality of detention is to be before the habeas court rather than the detaining agency is likewise pellucidly clear. Thus, what CPLR 7009 (c) directs the court to do in a summary manner is "to hear the evidence produced in support of and against detention and to dispose of the proceeding as justice requires” (emphasis supplied).[3] And that direction is underscored by the designation of habeas corpus as "a special proceeding” (CPLR 7001), for that *202 brings into play the parallel provision of CPLR 410 that "[i]f triable issues of fact are raised they shall be tried forthwith and the court shall make a final determination thereon” (emphasis supplied). Indeed, a hearing at Special Term appears to have been the uniform practice prior to the Appellate Division’s decision in Diamond[4] (see, People ex rel. Posada-Osorio v Hammock, 58 NY2d 978, 980, rearg denied 58 NY2d 1114; Matter of Vasquez v New York State Bd. of Parole, 58 NY2d 981, 982, rearg denied 58 NY2d 1114; People ex rel. Marvin v McDonnell, 280 App Div 367; People ex rel Zangrillo v Doherty, 40 Mise 2d 505, 512; cf People ex rel. Lee v Smith, 58 AD2d 987). The Diamond procedure is, moreover, inconsistent with our holding in People ex rel. Levy v Dalsheim (48 NY2d 1019), affirming for the reasons stated by the Appellate Division (66 AD2d 827, 828), its holding that delay of a final revocation hearing for more than 90 days after the determination of probable cause required vacatur of the warrant and reinstatement of parole because "[t]o merely order a hearing within a specified time would render the 90-day limit a nullity.”
The delegation to the Parole Board of the fact-finding function on which turns release on habeas corpus or dismissal and further detention was, thus, improper for at least three reasons. First, it was contrary to the statutory directions that "[t]he court * * * hear the evidence” and "proceed in a summary manner” (CPLR 7009 [c] [emphasis supplied]). Second, it injects a procedure neither contemplated by the statute, which *203 calls for either judgment of discharge (CPLR 7010 [a]) or remand of the person detained (CPLR 7010 [c]), nor recognized by prior precedent. Third, and most importantly, it changes the process from one in which the factual determination is made by a Trial Judge, reviewable as to the weight of the evidence by the Appellate Division and, when that body disagrees with the trial court, by this court as well, to one in which the only questions to be decided by any of the courts are whether there was substantial evidence before the Parole Board to support its determination and whether required procedural rules were followed (Executive Law § 259-i [5]; People ex rel. Von Fossen v Dillon, 72 AD2d 166).
The issues presented by Robertson’s petitions are, moreover, properly cognizable in habeas corpus: see, as to denial of a final revocation hearing, Matter of Soto v New York State Bd. of Parole (66 NY2d 817, affg 107 AD2d 693); as to voluntariness of waiver of preliminary hearing, People ex rel. Herrera v Schager (88 AD2d 983); People ex rel. Griffin v Walters (83 AD2d 618); cf. People ex rel. Miller v Walters (60 NY2d 899); as to issuance of the warrant in bad faith, People ex rel. Freeman v Mancusi (27 AD2d 634); People ex rel. Miller v Silberglitt (19 Misc 2d 152). Of course, the fact that those issues are cognizable in habeas corpus does not necessarily entitle relator to an evidentiary hearing before Supreme Court. Such a hearing is not required if "upon the pleadings, papers and admissions * * * no triable issues of fact are raised” (CPLR 409 [b]), a determination analogous to that made on a motion for summary judgment (Matter of Trustees of Sailors’ Snug Harbor v Tax Commn., 26 NY2d 444, 449-450; see, Siegel, NY Prac § 556, at 773; cf. Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs., 63 NY2d 100, 103). But whether the determination be made summarily on papers or only after an evidentiary hearing, it will in either case be made by Supreme Court, not by the Parole Board. Here, it is not clear from Supreme Court’s original order whether the hearing ordered was for summary consideration on the papers or for a trial of issues of fact. Accordingly, there should be a remittal to Supreme Court for consideration under CPLR 409 (b) and for trial if it determines that there are triable issues of fact.
For the foregoing reasons, the order of the Appellate Division dismissing the appeal from the transfer order should be reversed and the matter remitted to Supreme Court for further proceedings consistent with this opinion, and the appeal *204 from the order of the Appellate Division insofar as it dismissed the appeal from the order as to applications for subpoenas should be dismissed for nonfinality.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order of the Appellate Division insofar as it dismissed relator’s appeal from the order of Supreme Court transferring the proceeding to the Parole Board reversed, with costs, and matter remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein. Appeal from the order of the Appellate Division insofar as it dismissed relator’s appeal from the order denying relator’s applications for subpoenas dismissed, without costs.

. That dismissal, of course, does not constitute an adjudication on the merits concerning the right to the issuance of subpoenas upon remission.

. That hearing, however, has not been held, relator having received a stay from the Appellate Division which, under CPLR 5519 (e), continues pending our disposition of his appeal (People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 756).

. The legislative history of the section is to the same effect. Thus, in explaining the deletion of an additional sentence contained in the original version of the section, the Fifth Preliminary Report of the Senate and Assembly Committees to the Legislature on Practice and Procedure (NY Legis Doc, 1961, No. 15, at 169) stated: "The 1960 bill provision has been amended as follows: The sentence, 'Evidence may be taken orally, by *202 deposition, by affidavit, or by certificate of a judge who presided at a trial resulting in a judgment pursuant to which the detention took place,’ has been omitted. It was suggested that this language might be interpreted to reduce the present right of the person detained to be actually tried in open court and to cross examine witnesses where there is a factual issue to be resolved, and that it might seriously reduce the protection to the person detained now provided by the hearsay rules. Although the language was intended merely to restate the present law, in order to avoid any possibility that its adoption would reduce the protection of the writ to persons allegedly illegally detained, the committees have deleted it.” (Emphasis supplied.)

. People ex rel. Diamond v Flood (100 AD2d 604) relied upon the Second Department’s prior holding in People ex rel. Walker v New York State Bd. of Parole (98 AD2d 33; accord, People ex rel. Medina v Superintendent, 101 AD2d 871), but Walker concerned not whether a final revocation hearing had been scheduled within 90 days as required by Executive Law § 259-i (3) (f) (i), but whether relator had been served with statutorily required notices before an otherwise timely scheduled administrative hearing. We need not consider and do not now reach the propriety of remittal to the Board in a case such as Walker.