■ In the Matter of THOMAS ATKINSON, Respondent, v NEW YORK STATE BOARD OF PAROLE et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered October 13, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate a parole warrant. ¶ On November 8, 1976, petitioner was sentenced in New York to a term of three to six years upon his conviction for burglary in the third degree. He was released on parole on September 7, 1980. In March of 1981, petitioner absconded from parole supervision and his whereabouts were unknown until May 4, 1981, when he was arrested on various charges in Indiana. In due course, petitioner was convicted of resisting law enforcement, burglary and criminal recklessness, and on June 24, 1981 was sentenced by the Indiana court to serve terms of imprisonment of 4, 13 and 1 years, respectively, the sentences to run concurrently. ¶ Having learned of petitioner's arrest in Indiana, respondents sent a parole warrant and a letter to the Indiana authorities on May 4, 1981 advising them of respondents' obligation under *People ex rel. Gonzales v Dalsheim* (52 NY2d 9). Accordingly, respondents requested the Indiana authorities (the local chief of police) to cooperate by making petitioner available for return to New York so that his preliminary and final revocation hearings could be conducted. Indiana authorities did not respond to the May 4 letter or to a follow-up letter sent on June 10, 1981. On June 24, 1981, respondents sent a third letter, this time to the Indiana prosecuting attorney, and by letter dated June 29, 1981 the Indiana prosecuting attorney replied, stating, *inter alia:* "Your letter indicates that if he [petitioner] is returned to you, you have no authority to return him to us. We have more time on him than you. I propose we keep him and you forget him for awhile." After receiving this letter, respondents ceased further efforts to effectuate petitioner's return to New York for his hearings. ¶ By petition dated May 4, 1983, petitioner commenced the instant CPLR article 78 proceeding, contending that he was denied a timely parole revocation hearing. Special Term granted the petition, finding that respondents had not demonstrated that petitioner was beyond its convenience and practical control while he was incarcerated in Indiana. This appeal ensued. ¶ Respondents' sole argument is that the New York State Board of Parole met its "modest burden", as required in *Gonzales* (*supra,* p 15), of showing that petitioner was beyond its convenience and practical control while imprisoned in Indiana. We do not agree. Unlike the substantial efforts made by the respondents in *Matter of Vasquez v New York State Bd. of Parole* (97 AD2d 875, mot for lv to app den 61 NY2d 604), the efforts made here by respondents were not sufficient to meet the burden placed on New York authorities. In this case, the above-referenced letters sent to the *local* chief of police and to the prosecuting attorney were the only significant contacts made between respondents and authorities in Indiana. There is nothing to indicate that New York authorities discussed with

representatives of Indiana whether any suitable alternative arrangements could be made which would satisfy petitioner's rights and at the same time be workable for both New York and Indiana (*id.*). We would also observe that respondents stated in the subject letters that they wished to secure petitioner's return to New York; however, these letters also informed the recipient that should petitioner be returned to New York and his conditional release revoked, New York would be "without authority to effect [petitioner's] return to your jurisdiction". The response to this letter indicates Indiana's reliance upon this statement in "proposing" that they not relinquish custody of petitioner. Though this response was in terms of a proposal, no negotiations were thereafter initiated by New York. ¶ Accordingly, after considering the facts of this particular case, we agree with Special Term's finding and affirm its judgment vacating the parole warrant. ¶ Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.