◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN ENG, Appellant, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Corrections, et al., Respondents. — Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (Amyot, J.), entered August 31, 1984 in Washington County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was paroled from a New York State correctional facility in 1981 and supervision of his parole was transferred to

the State of Massachusetts pursuant to the Uniform Act for Out-of-State Parolee Supervision (Executive Law § 259-m). He was arrested in Massachusetts on several criminal charges in November 1983. On February 27, 1984, petitioner pleaded guilty to certain of the charges and was sentenced to time already served. Commission of a crime was a violation of a condition of his parole.

Shortly after his arrest, the Massachusetts parole authorities served petitioner with a notice of a preliminary parole revocation hearing. A hearing was conducted on January 12, 1984. Those authorities determined that probable cause existed to warrant parole revocation. A Massachusetts out-of-State detention warrant was lodged against petitioner, who remained in custody at the Hampshire County Jail in Massachusetts until April 2, 1984 when he was returned to New York. The Massachusetts parole authorities took no other action except to keep the New York parole authorities advised.

The first action taken by New York parole authorities was obtaining a warrant on February 17, 1984 for petitioner's detention and retaking, which was lodged against petitioner by mail on February 29, 1984. Pursuant to the warrant, petitioner was returned to the Albany County Jail on April 2, 1984. A preliminary parole revocation hearing was conducted by New York authorities on April 6, 1984 which resulted in a finding of probable cause to revoke parole. A final revocation hearing apparently took place and, it is assumed, parole was revoked. The record is not clear as to any details of the hearing, but we are satisfied that it did not take place prior to May 12, 1984.

Petitioner contends that he was denied timely parole revocation hearings as required by law. Executive Law § 259-i (3) (c) (i) requires a preliminary hearing within 15 days after the execution of a warrant for retaking and temporary detention. In the event of a determination of probable cause, a final revocation hearing must be conducted within 90 days after such determination (Executive Law § 259-i [3] [f] [i]). If the probable cause hearing conducted by the Massachusetts authorities was in satisfaction of the obligation established by our Executive Law, a final revocation hearing was not conducted within 90 days following the Massachusetts determination on January 12, 1984. If the Massachusetts hearing did not constitute compliance with our law requiring a preliminary hearing, no preliminary hearing was conducted within 15 days following the execution of the detainer warrant. Strict adherence to the specific time limitations is required unless the parole authorities can establish that the delay in the proceedings was because of

petitioner's location and status outside the Parole Board's convenience and practical control (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9).

Although respondents' position on this appeal is to the contrary, it is undeniable that the New York parole authorities were of the opinion on February 29, 1984 that both a preliminary and a final revocation hearing had to be conducted. Therefore, we address ourselves to the timeliness of the preliminary hearing conducted on April 6, 1984 by New York authorities.

Undeniably, the preliminary hearing was not conducted within the statutory time limits unless it is established that petitioner was beyond the convenience and control of the New York Parole Board. The burden of proving that fact lies with the parole authorities (*People ex rel. Gonzales v Dalsheim, supra,* p 14; *People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050). In our view, respondents have completely failed to sustain that burden. It is apparent that the Massachusetts authorities were diligent in doing all that they believed necessary during the time of petitioner's arrest through his plea and sentencing. There is no evidence to the contrary. When the New York authorities lodged their retaking warrant, they were aware of the fact that they were obligated within three days to give petitioner his notice of hearing and that the hearing had to be conducted within 15 days. At that time, petitioner was being detained in Massachusetts only by virtue of the Massachusetts out-of-State detainer warrant. There is no proof of any fact which would have prevented the New York authorities from taking custody of petitioner on February 29, 1984 and transporting him back to this State, a distance of less than 100 miles. Respondents rely upon *Matter of Atkinson v New York State Bd. of Parole* (103 AD2d 888) and *Matter of White v New York State Div. of Parole* (96 AD2d 673, *affd* 60 NY2d 920) in support of their position. In both cases, however, this court sustained a finding of convenience and practical control under circumstances far more supportive of the parole authorities than in this case. Consequently, we conclude that the New York preliminary hearing was not timely.

Respondents now contend that the Massachusetts preliminary revocation hearing was in complete compliance with the requirements of our Executive Law. There is nothing in the record to indicate the contrary, although it is obvious that the parole authorities concluded otherwise. As a defense to the relief sought, however, it is academic. If we were to accept that contention, we would have to grant petitioner his demanded relief for the reason that the final revocation hearing was not

timely. Respondents' argument that petitioner waived his rights to a timely preliminary hearing is unsupported by either law or fact. It is inconceivable that a parolee would knowingly waive his rights to continued parole supervision.

Finding as we do, we are compelled to direct that petitioner be restored to his parole status (*People ex rel. Levy v Dalsheim,* 66 AD2d 827, *affd* 48 NY2d 1019).

Judgment reversed, on the law, writ of habeas corpus sustained and petitioner restored to parole supervision. Main, J. P., Weiss, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.