■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES SAILOR, Also Known as LEROY COOPER, Appellant, v BRION D. TRAVIS et al., Respondents. [786 NYS2d 548]—

In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Smith J.), entered October 10, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellant, while on parole for a New York conviction but, by reciprocal agreement, living in and under the parole supervision of the state of Florida, was arrested and charged with new crimes on three separate occasions. After he was convicted on federal drug charges arising from his third such arrest and began serving his sentence at an out-of-state federal prison, the New York State Division of Parole (hereinafter the NYSDOP) obtained a parole revocation warrant and lodged a detainer with federal authorities. After completing his federal sentence, the appellant was returned to New York on the warrant. After a hearing, he was found to have violated the conditions of his parole and was returned to prison for an additional four years. The appellant commenced this habeas corpus proceeding challenging his detention. We affirm the denial of the petition and dismissal of the proceeding.

In relevant part, Executive Law § 259-i (3) (a) (iv) provides that where, as here, a parole violation warrant is issued as to a parolee held in another state, the warrant is not deemed executed until the parolee is detained in that state "exclusively on the basis of such warrant," and the parolee "will not be considered to be within the convenience and practical control of the division of parole until the warrant is deemed to be executed" (Executive Law § 259-i [3] [a] [iv]; *see People ex rel. Matthews v New York State Div. of Parole,* 95 NY2d 640, 645 [2001]). The appellant's contention that he was denied due process because the NYSDOP failed to obtain a parole violation warrant and have him detained on such warrant during the period between his first arrest and the commencement of his incarceration on the conviction arising from his third arrest is without merit (*cf. People ex rel. Matthews v New York State Div. of Parole, supra* at 645). Ritter, J.P., Smith, Rivera and Lifson, JJ., concur.