■ In the Matter of Liston Noble, Appellant, v New York State Division of Parole, Respondent. [826 NYS2d 475]—

Peters, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 6, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for preliminary and final parole revocation hearings while he is incarcerated in Maryland.

Petitioner was convicted in New York of criminal possession of a controlled substance in the third degree and was sentenced to a prison term to run concurrently with a sentence imposed on him by Maryland under an indictment in that state. After being conditionally released from incarceration in New York to parole supervision in Maryland, petitioner was arrested in New York City, on August 16, 1999, for possession of a marihuana cigarette. Although a violation of parole report was issued, respondent made a determination of no delinquency pending court action on the charges, and petitioner continued under parole supervision.

On August 29, 2001, petitioner was convicted in Maryland of possession with the intent to distribute and distribution of controlled substances, and was sentenced to a prison term of 10 years. Upon learning of his rearrest in Maryland, respondent directed that petitioner's parole time be stopped as of the date of his arrest in New York City and, on November 15, 2001, issued a warrant for retaking petitioner, which was lodged against him in Maryland. Petitioner's request for a parole revocation hearing was denied, and he was informed that the hearing would be deferred until he was released from custody in Maryland. Petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court granted respondent's motion to dismiss the petition, prompting this appeal.

We affirm. As a general rule, an alleged parole violator detained in New York is entitled to a preliminary parole revoca-

tion hearing within 15 days after a parole warrant has been executed (*see* Executive Law § 259-i [3] [c] [i]). However, where the alleged violator is detained in another state, "the warrant will not be deemed to be executed until the alleged violator is detained exclusively on the basis of such warrant and [respondent] has received notification that the alleged violator (A) has formally waived extradition to this state or (B) has been ordered extradited to this state pursuant to a judicial determination" (Executive Law § 259-i [3] [a] [iv]). Until the warrant is deemed to be executed, the alleged violator is not "considered to be within the convenience and practical control of the division of parole" (Executive Law § 259-i [3] [a] [iv]; *see People ex rel. Sailor v Travis*, 13 AD3d 403, 404 [2004], *lv denied* 4 NY3d 707 [2005]). Thus, "when [respondent] lodges a detainer against an alleged parole violator in an out-of-state facility, the 15-day period is not triggered until the individual has completed the out-of-state sentence and is available for extradition" (*People ex rel. Matthews v New York State Div. of Parole*, 95 NY2d 640, 645 [2001]). This procedure "obviates unnecessary jurisdictional entanglements while at the same time preserving the due process rights of alleged parole violators" (*id.* at 646; *see Moody v Daggett*, 429 US 78, 87-88 [1976]). Consequently, respondent is not obligated to provide petitioner with a preliminary or final parole revocation hearing until he completes his sentence in Maryland and that state relinquishes custody of him (*see People ex rel. Matthews v New York State Div. of Parole, supra* at 645-646).

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.