■ In the Matter of DAVID PIERRE, Appellant, v ANDREA W. EVANS, as Chair of the New York State Division of Parole, Respondent. [939 NYS2d 736]—

Stein, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered June 22, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was convicted in New York of attempted robbery in the first degree and sentenced to a prison term four years followed by five years of postrelease supervision. Upon release, petitioner absconded from postrelease supervision and a parole violation warrant was issued. Prior to the execution of the warrant, petitioner was convicted of a federal crime and incarcerated in an out-of-state federal prison. Based upon the parole violation warrant, the Division of Parole lodged a detainer with federal authorities where petitioner was incarcerated. Petitioner's subsequent requests for a parole revocation hearing were denied, and he was informed that the hearing would be held upon his return to New York following the completion of his federal sentence. Petitioner commenced this CPLR article 78 proceeding seeking to quash the parole violation warrant on the ground that he was not provided with a timely parole revocation hearing. Supreme Court granted respondent's motion to dismiss the proceeding as not ripe for review and this appeal ensued.

Generally, an alleged parole violator is entitled to a preliminary parole revocation hearing "[w]ithin fifteen days after the [parole violation warrant] and temporary detention has been *executed*" (*People ex rel. Matthews v New York State Div. of Parole*, 95 NY2d 640, 643 [2001] [internal quotation marks omitted]; *see* Executive Law § 259-i [3] [c] [i]). However, "[w]here the alleged violator is detained in another state . . . the warrant will not be deemed to be executed until the alleged violator

is detained exclusively on the basis of such warrant and the department has received notification" regarding the extradition of the alleged violator (Executive Law § 259-i [3] [a] [iii]). Until such time, "[t]he alleged violator will not be considered to be within the convenience and practical control of the department" (Executive Law § 259-i [3] [a] [iii]). Accordingly, because the record herein reflects that petitioner has not completed his out-of-state sentence and is yet unavailable for extradition, the 15-day period within which he is entitled to a preliminary parole revocation hearing has not been triggered (*see People ex rel. Matthews v New York State Div. of Parole*, 95 NY2d at 645; *Matter of Noble v New York State Div. of Parole*, 35 AD3d 979, 980 [2006]). As such, Supreme Court properly dismissed the petition.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.