[997 NYS2d 215]

The People of the State of New York ex rel. Anthony Hart, Petitioner, v Warden, North Infirmary Command, et al., Respondents.

Supreme Court, Bronx County, July 31, 2014

## APPEARANCES OF COUNSEL

*The Legal Aid Society (Kerry Elgarten* and *Beth Rennekamp* of counsel) for petitioner.

*Eric T. Schneiderman, Attorney General (Donald Nowve* of counsel), for respondents.

## OPINION OF THE COURT

JAMES M. KINDLER, J.

A hearing was held before this court on July 8, 2014 on a habeas corpus petition filed by defendant on January 14, 2014 challenging his continued detention on the ground that he was not afforded a timely preliminary hearing on a violation of parole.[1]

### Findings of Fact

The court makes the following findings of fact based on the testimony at the hearing:

Petitioner, who was released on parole in October 2013, failed to report to his Parole Officer, Ivens Duchatelier, on December 5, 2013 and again on December 12, 2013, as required. As parole authorities (hereinafter Parole)[2] were unable to locate petitioner, Senior Parole Officer Deborah Stewart, Duchatelier's supervisor, issued a parole warrant for him on December 19, 2013; shortly thereafter, as a matter of routine, the warrant was entered into the National Crime Information Center system so that the New York City Police Department (NYPD) and other law enforcement authorities would be aware of it. A team of parole officers, including Duchatelier, went to petitioner's last known address, on December 23, 2013, and learned from

---

1. The final hearing, in petitioner's case, was conducted on April 4, 2014. The State, however, does not argue that the timeliness of the preliminary hearing is now a moot issue. (The parties disagree as to whether this is a matter of policy adopted by the State in all parole violation cases.) Accordingly, the court will address the timeliness issue.

2. What was formerly known as the Division of Parole has been subsumed by the New York State Department of Corrections and Community Supervision (DOCCS). For purposes of this opinion the parole section of DOCCS will be referred to simply as "Parole."

petitioner's sister that he had been shot the day before; she believed he was at Brookdale Hospital (Brookdale) in Kings County, possibly in police custody. When Duchatelier inquired at the hospital that same day, however, the staff denied petitioner was there.

On December 30, 2013, the Bureau of Special Services (BSS) at Parole received a call from the police at "pre-arraignment," a part of the Kings County Criminal Court, requesting a photograph of petitioner and a copy of the warrant; it was then Parole first learned that defendant had been arrested by the police on new charges, on December 23, 2013, and was in police custody at Brookdale. Stewart went to Brookdale herself that same day and confirmed that petitioner was in fact in the hospital, in police custody. The police had gone to Brookdale, on December 23, 2013, to arrest petitioner on an outstanding bench warrant that had been issued in Kings County Criminal Court in a domestic violence case; an altercation ensued at the hospital between petitioner and police, resulting in petitioner's arrest on resisting arrest and other new charges. Petitioner was held in police custody on the new charges, as well as the outstanding bench warrant, until December 31, 2013, when the new charges were dropped. He remained in police custody at Brookdale until he was returned on the bench warrant to Kings County Criminal Court, on January 3, 2014.

Stewart visited petitioner at Brookdale, on December 30, 2013 and again on January 1, 2014, but did not serve petitioner with either the parole warrant or with a notice of parole violation. Although Parole had notified NYPD of the parole warrant when it was issued, a copy of the warrant was never filed or, in Parole terminology, "lodged" with NYPD while petitioner was in police custody at Brookdale.[3]

On December 30, 2013, BSS faxed a copy of the warrant to the police at prearraignment in Kings County to ensure that the parole warrant would follow petitioner when he got to court. On January 3, 2014, petitioner was returned to court on the bench warrant, the charges in the domestic violence case were elevated and $5,000 bail was set. The parole warrant was then lodged as a detainer and petitioner was held, in lieu of bail, in the prison ward at Bellevue Hospital—the prison ward is part of

---

**3.** Duchatelier testified this should have been done, according to "protocol," though he had no idea whether it was actually done. Stewart testified that, in fact, the warrant was never lodged with the police at Brookdale. The court accepts Stewart's testimony on this point.

the New York City Department of Correction (NYC DOC). (*See* list of facilities on the NYC DOC website.)

Duchatelier visited petitioner, on January 7, 2014, at Bellevue prison ward, where he served petitioner with a notice of violation and scheduled the preliminary and final hearings for January 14 and January 24, 2014. Duchatelier later learned that, because the preliminary hearing had to be conducted at Bellevue rather than at the Rikers Island Judicial Center, it could not be held on January 14, 2014. Accordingly, it was rescheduled—and ultimately held—on January 15, 2014.

## Conclusions of Law

By statute, a parolee is entitled to a preliminary hearing within 15 days of the execution of a parole warrant. (Executive Law § 259-i [3] [c] [iv].) Petitioner contends that the parole warrant was executed no later than December 30, 2013, when a copy of the warrant was faxed to the police for prearraignment purposes, and that the preliminary hearing held on January 15, 2014 (16 days later) was not timely. The State contends that the warrant was executed no earlier than January 3, 2014, which was only 12 days before the date of the preliminary hearing.

A parole warrant may be executed by "taking [a parolee] and having him detained." (Executive Law § 259-i [3] [a] [ii].) Here, NYPD, along with other law enforcement agencies, was notified, on or about December 19, 2013, that the parole warrant had been issued. NYPD, however, was not provided with a copy of the warrant until a copy was faxed to the police at prearraignment in Kings County on December 30, 2013. The warrant was provided then, as both Parole and NYPD undoubtedly understood, simply to ensure that it would follow petitioner (presumably with other relevant paperwork) to his upcoming court appearance. The warrant was never executed while petitioner was at Brookdale, because it never functioned as a detainer—or "had petitioner detained" (to paraphrase the statute)—while petitioner was a patient there.

Even if the warrant had been executed while petitioner was at Brookdale, the 15-day time limit would not have started to run so long as petitioner remained in police custody there. The requirement that a parolee be provided with a hearing in a timely manner does not apply unless the parolee is subject to the "convenience and practical control" of Parole. (*See People ex rel. Matthews v New York State Div. of Parole*, 95 NY2d 640, 643 [2001]; *People ex rel. Gonzales v Dalsheim*, 52 NY2d 9, 13-14

[1980].) A parolee may be subject to the convenience and practical control of Parole even though he is not being held as a sentenced prisoner in a state correctional facility: for example, when he is in temporary state custody due to a lack of space in local facilities (*Matter of Beattie v New York State Bd. of Parole*, 39 NY2d 445 [1976]), or when he is in a jail under the jurisdiction of a local correction authority. (*People ex rel. Walsh v Vincent*, 40 NY2d 1049 [1976].) A parolee detained by NYC DOC at Bellevue is also subject to the convenience and practical control of Parole, since the prison ward is under the actual control of NYC DOC. This court has found no case, however, in which a parolee held by the police in a hospital or other institution unaffiliated with correctional authorities has been deemed to be subject to the convenience and practical control of Parole. Obviously, such a rule would present significant security and practical concerns for Parole that are not present when hearings are held within correctional facilities. Thus, it would not be "convenient" for Parole to hold hearings at Brookdale. Nor was Brookdale, in any sense, under the control of Parole; in fact, it took Parole a week to even confirm that petitioner was in custody there.

For these reasons, the court finds that it was not until January 3, 2014 when petitioner was returned to court on the bench warrant and was placed in the custody of NYC DOC at Bellevue, that the parole warrant was executed and petitioner was subject to the convenience and practical control of Parole. And it was only then that the 15-day period within which Parole was required to schedule a preliminary hearing commenced to run. It follows that the preliminary hearing which was held on January 15, 2014 (within 12 days of the warrant being executed) was conducted in a timely manner.

Accordingly, the habeas corpus petition is dismissed.