People v Singh (2019 NY Slip Op 01104)





People v Singh


2019 NY Slip Op 01104


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-07197
 (Ind. No. 877/10)

[*1]The People of the State of New York, plaintiff, New York State Department of Corrections and Community Supervision, appellant
v
Binod Singh, respondent.


Letitia James, Attorney General, New York, NY (Steven C. Wu, Caroline A. Olsen, and Blair Greenwald of counsel), for appellant.
George M. Harmel, Jr., Central Islip, NY, for respondent.



DECISION & ORDER
Appeal by the New York State Department of Corrections and Community Supervision from an order of the Supreme Court, Suffolk County (William J. Condon, J.), dated May 25, 2017. The order granted the motion of Binod Singh to vacate a violation of parole warrant for failure to timely hold a preliminary revocation hearing.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the motion of Binod Singh to vacate a violation of parole warrant for failure to timely hold a preliminary revocation hearing is denied.
Following Binod Singh's conviction on federal criminal charges, the New York State Department of Corrections and Community Supervision (hereinafter DOCCS) issued a parole violation warrant that was lodged at the federal correctional facility in Massachusetts where Singh was incarcerated. Singh was transferred to a federal facility in Brooklyn following his attorney's request that Singh's case be calendared in federal court in Brooklyn for a post-sentencing conference. Singh then moved by order to show cause in the Supreme Court, Suffolk County, to vacate the parole violation warrant on the ground that he was not given a preliminary parole revocation hearing within the statutory period of 15 days (see Executive Law § 259-i[3][c][i]). The Supreme Court granted the motion, and DOCCS appeals.
Generally, an alleged parole violator is entitled to a preliminary parole revocation hearing "[w]ithin fifteen days after the [parole violation warrant] and temporary detention has been executed" (People ex rel. Matthews v New York State Div. of Parole , 95 NY2d 640, 643 [internal quotation marks omitted]; see Executive Law § 259-i[3][c][i]). However, "[w]here the alleged violator is detained in another state . . . the warrant will not be deemed to be executed until the alleged violator is detained exclusively on the basis of such warrant and [DOCCS] has received notification" regarding the extradition of the alleged violator (Executive Law § 259-i[3][a][iii]). Until such time, "[t]he alleged violator will not be considered to be within the convenience and practical control of [DOCCS]" (id. ).
Here, Singh has been in federal custody since the parole violation warrant was issued. [*2]Though he was transferred to a federal facility in New York State, he was not subject to DOCCS' "convenience and practical control—and had no right to a preliminary revocation hearing—until the federal government relinquished custody" (People ex rel. Matthews v New York State Div. of Parole , 95 NY2d at 645; see Matter of Nunez v New York State Parole Div. , 284 AD2d 333). Accordingly, the Supreme Court should have denied Singh's motion to vacate the parole violation warrant.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court