People ex rel. Goad v Coveny (2020 NY Slip Op 00197)





People ex rel. Goad v Coveny


2020 NY Slip Op 00197


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528884

[*1]The People of the State of New York ex rel. Gary G. Goad, Appellant,
v
Raymond Coveny, as Superintendent of Elmira Correctional Facility, et al., Respondents.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Gary G. Goad, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.



Garry, P.J.
Appeal from a judgment of the Supreme Court (Rich Jr., J.), entered March 28, 2019 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In May 2000, petitioner was convicted of multiple crimes and was sentenced to an aggregate prison term of 15 years followed by five years of postrelease supervision. He was subsequently released from prison and his parole supervision was transferred to Virginia. On August 6, 2015, he was arrested in Virginia for crimes allegedly committed between March 2, 2015 and March 6, 2015. Immediately following his arrest, he was detained in a Virginia jail and, on September 3, 2015, a New York parole violation warrant was lodged against him. Petitioner was convicted of the crimes and remained incarcerated in Virginia until July 6, 2018 when he was extradited to New York.
At the final parole revocation hearing that was held on July 26, 2018, petitioner admitted to violating his parole. As part of the negotiated disposition, the Administrative Law Judge (hereinafter ALJ) agreed to impose a 24-month hold and change petitioner's delinquency date to June 2, 2015, instead of March 2, 2015 (the date of the earliest Virginia crime), effectively giving him three months credit toward time served on postrelease supervision. In addition, the ALJ indicated that the 24-month hold would commence on July 6, 2018. The ALJ further noted that because the 24-month hold must begin on the date that the parole violation warrant was lodged (see 9 NYCRR 8002.6 [b] [1]), which was September 3, 2015, 34 months would be added so that the 24-month hold would begin on July 6, 2018, the date that petitioner became available for extradition to New York, resulting in a total delinquent time assessment of 58 months. Petitioner accepted these terms as part of his admission to the parole violation.
Thereafter, petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus. His petition challenged the lack of a timely preliminary parole revocation hearing and the imposition of the 58-month delinquent time assessment. Respondents opposed petitioner's application, and Supreme Court denied it without a hearing. Petitioner appeals.
Initially, petitioner contends that he was not afforded a preliminary parole revocation hearing within 15 days of September 3, 2015, the date that the parole revocation warrant was lodged against him in Virginia. Executive Law § 259-i (3) (c) (i) provides that an alleged parole violator is entitled to a preliminary parole revocation hearing within 15 days after a parole violation warrant has been executed (see People ex rel. Matthews v New York State Div. of Parole, 95 NY2d 640, 643 [2001]; People v Singh, 169 AD3d 831, 832 [2019]). However, where the alleged violator is detained in another state, the violation warrant is not deemed executed and the 15-day period is not triggered until the alleged violator has completed his or her out-of-state sentence and is available for extradition (see Executive Law § 259-i [3] [a] [iii]; see also People ex rel. Matthews v New York State Div. of Parole, 95 NY2d at 645; People v Singh, 169 AD3d at 832; Matter of Pierre v Evans, 93 AD3d 990, 990-991 [2012]). Here, petitioner was detained in Virginia at the time that the parole violation warrant was lodged on September 3, 2015 and was not entitled to have a preliminary parole revocation hearing conducted within 15 days of that date. Moreover, as to petitioner's challenge to the imposition of the 58-month delinquent time assessment, habeas corpus relief is unavailable because, even if petitioner were to prevail, he would not be entitled to immediate release (see People ex rel. Muhammad v Bradt, 68 AD3d 1391, 1392 [2009]; People ex rel. Bariteau v Donelli, 24 AD3d 1065, 1065-1066 [2005]). We have considered petitioner's remaining claims and find them to be unpersuasive. Accordingly, Supreme Court properly denied his application.
Lynch, Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.